Eric Woolard
Breonna Hall
Address: 27808 S 930 Pr SE
Kennewick, WA 99338
Phone: 949-648-6606
Email: remcompanyeric@gmail.com
Email: w.ebro@hotmail.com
Pro Se

**IPF
Submitted**

**No CV-**30

FILED

CLERK, U.S. DISTRICT COURT

Sept 9, 2025

CENTRAL DISTRICT OF CALIFORNIA

BY ____pd____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

**Case No:  8:25-cv-02018-VBF-PD**

ERIC WOOLARD AND BREONNA HALL,

PLAINTIFFS,

V.

.

SUPERIOR COURT OF CALIFORNIA,

COUNTY OF ORANGE; JUDGE

KIMBERLY A. KNILL; JUDGE SHEILA

RECIO; AND DOES 1 THROUGH 10,

DEFENDANTS.

**COMPLAINT FOR DECLARATORY**

**AND INJUNCTIVE RELIEF, DAMAGES,**

**AND JURY DEMAND**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF,

## DAMAGES, AND JURY DEMAND

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND
JURY DEMAND - 1

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), as Plaintiffs assert claims arising under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983, 1985(2), and 1986.

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because all events giving rise to these claims occurred within the Central District of California.

## II. INTRODUCTION

3. Plaintiffs Eric Woolard and Breonna Hall bring this civil rights action to redress systemic institutional misconduct and deprivation of constitutional rights arising from state court proceedings in Smith v. Woolard et al. and Greenhouse v. Eunson et al., and to seek accountability for a pattern of retaliatory, biased, and unlawful judicial conduct that continues to deny them access to a fair tribunal and meaningful appellate review.

4. Plaintiffs allege that judicial officers, acting under color of state law, engaged in conduct exceeding the bounds of immunity, including striking disqualification motions without referral, issuing rulings while jurisdictionally disqualified, misstating procedural facts, and misusing

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 2

judicial authority to retaliate against protected First Amendment activity. [Ex. A, p. 2; Ex. F, p. 1].

5.These violations were compounded by coordinated obstruction, including false appellate findings, denial of rehearing despite documented misstatements, and reassignment of cases to disqualified judges—all of which stripped Plaintiffs of constitutional rights under the First and Fourteenth Amendments.

6. Plaintiffs seek declaratory relief, injunctive relief, damages, and reassignment to a neutral tribunal. Plaintiffs further seek an order prohibiting Defendants Judge Kimberly A. Knill, Judge Sheila O. Recio, and the Orange County Superior Court from presiding over any current or future matters involving Plaintiffs.

## III. FACTUAL ALLEGATIONS

**A. Judicial Misconduct and Bias by Judge Kimberly A. Knill – Smith v. Woolard et al.**

7. In Smith v. Woolard et al., Orange County Superior Court Case No. 30-2020-01174210, Plaintiffs were named as defendants and filed a cross-complaint against Greenhouse HOA and Regent Real Estate for negligence.

8. Plaintiffs alleged that Greenhouse and Regent engaged in negligence and harassment as contributing factors to unlawful familial status discrimination. [Exs. L–O, p. 1 each].

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 3

9. Defendant Judge Knill was assigned to the case in December 2022. Plaintiffs' peremptory challenge under CCP §170.6 was denied as untimely. Plaintiffs then filed verified disqualification motions under CCP §170.1 citing demonstrated bias. [Ex. C, p. 4].

10. On June 8, 2023, Plaintiffs filed a writ petition challenging Judge Knill's refusal to recuse. [Ex. Q, pp. 1–10]. The Court of Appeal denied the writ. [Ex. I, p. 1].

11. On June 9, 2023, Judge Knill unilaterally struck Plaintiffs' disqualification motion without referral to a neutral judge, in violation of CCP §§ 170.3(c)(5) and 170.4(b). [Ex. A, p. 2].

12. On June 23, 2023, Judge Knill struck Plaintiffs' second disqualification motion. [Ex. B, p. 1].

13. On June 26, 2023, Judge Knill granted summary judgment in favor of Regent and Greenhouse while jurisdictionally disqualified. [Ex. F, p. 1].

14. The summary judgment order misstated the law, declaring Plaintiffs had not established that having children placed them in a protected class and ignored evidence of discriminatory HOA violation letters. [Exs. L–O; Ex. W, pp. TBD].

15. Plaintiffs' timely filings were disregarded. Judge Knill denied leave to oppose motions [Exs. D–E], refused continuances despite documented hardship, and imposed $2,000 sanctions at an ex parte hearing where she stated: "Having a baby is not an excuse." [Ex. T, p. 1].

**B. Procedural Misconduct by Judge Sheila O. Recio – Greenhouse v. Eunson**

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 4

16. In Greenhouse v. Eunson, Case No. 30-2019-01121179, Plaintiff Woolard filed a cross-complaint against Greenhouse HOA alleging harassment, nuisance, and negligence.

17. Defendant Judge Sheila Recio was reassigned to the case in December 2022. Plaintiffs' CCP §170.6 challenge was denied as untimely.

18. On the eve of trial in 2024, Plaintiffs requested a continuance due to loss of evidence (a damaged laptop) and the death of a key witness. [Ex. G, pp. 1–5; Ex. H, pp. TBD].

19. Judge Recio denied the continuance, misstating that Plaintiffs had received multiple prior continuances, contrary to the record. [Ex. H, pp. TBD].

20. Judge Recio dismissed Plaintiffs' cross-complaint, depriving them of trial on the merits.

21. In 2023, Plaintiffs filed a new breach of contract case. After challenging Recio under CCP §170.6, the case was reassigned to Judge Knill, who immediately issued adverse rulings. [Ex. V, p. 1].

22. Plaintiffs allege this demonstrates systemic retaliation and improper reassignment to disqualified judges.

**C. Misrepresentation and Retaliation by the California Court of Appeal**

23. Plaintiffs petitioned for writ review of Judge Knill's refusal to recuse. [Ex. Q, pp. 1–10]. The writ was denied. [Ex. I, p. 1].

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 5

24. In its published opinion, the Court of Appeal falsely stated that Plaintiffs "never sought writ review." [Ex. J, p. 15].

25. Plaintiffs filed a petition for rehearing correcting this falsehood. [Ex. K, pp. 1–3]. It was denied.

26. The Court of Appeal further misstated facts, including suggesting Plaintiffs initiated a physical altercation without any evidentiary finding. [Ex. J, p. 12–13].

27. The false opinion was published at the request of non-party counsel and has been used in other forums to discredit Plaintiffs. [Exs. R, pp. 150–170; Ex. S, pp. 250–270].

D. Systemic Failures and Monell Liability – Orange County Superior Court

28. The misconduct was not isolated. Plaintiffs allege Orange County Superior Court maintained policies and customs permitting judges to strike disqualification motions, reassign cases to disqualified judges, and ignore misconduct complaints. [Exs. U–V].

29. These customs, coupled with failure to discipline or train judges, constitute deliberate indifference under Monell.

30. Judicial leadership, including the Presiding Judge and Chief Justice Guerrero, were notified but failed to intervene. [Ex. P, p. 1].

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 6

**IV. CAUSES OF ACTION**

First Cause of Action – Fourteenth Amendment Procedural Due Process (§1983)

31. Plaintiffs re-allege paragraphs 1–30.

32. The Due Process Clause guarantees an impartial tribunal and fair procedure before deprivation of protected rights.

33. Judge Knill violated due process by striking disqualification motions [Exs. A–B], issuing summary judgment while disqualified [Ex. F, p. 1], and imposing sanctions without notice [Ex. T, p. 1].

34. These actions exceeded judicial immunity because they were taken without jurisdiction and contrary to statutory procedure.

35. Orange County Superior Court is liable under Monell for policies permitting these acts.

Second Cause of Action – First Amendment Retaliation (§1983)

36. Plaintiffs engaged in protected petitioning: filing disqualification motions, writ petitions, and appeals [Exs. C, Q, R–S].

37. Judge Knill retaliated by expediting adverse rulings, imposing sanctions, and striking filings [Exs. D–E, T].

38. These acts would chill an ordinary litigant from continuing to seek relief.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 7

39. Orange County Superior Court is liable for permitting retaliation through its customs.

Third Cause of Action – Obstruction of Justice (§1985(2))

40. Plaintiffs re-allege paragraphs 1–39.

41. Defendants conspired to obstruct justice by misrepresenting procedural history and denying relief.

42. The Court of Appeal falsely declared that no writ was filed despite the record [Ex. J, p. 15; Ex. I, p. 1].

43. These acts deterred Plaintiffs from pursuing legal remedies and obstructed justice.

Fourth Cause of Action – Neglect to Prevent (§1986)

44. Plaintiffs re-allege paragraphs 1–43.

45. Judicial officials, including the Presiding Judge and Chief Justice Guerrero, were notified of misconduct. [Ex. P, p. 1].

46. Despite knowledge, no corrective action was taken.

47. This neglect permitted violations to continue, causing injury to Plaintiffs.

Fifth Cause of Action – Declaratory Relief (28 U.S.C. §2201)

48. An actual controversy exists regarding the legality of Defendants' actions.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 8

49. Plaintiffs seek a declaration that:

a. Their constitutional rights were violated;

b. Knill's orders after June 9, 2023 are void [Ex. A, p. 2; Ex. F, p. 1];

c. The published opinion contains false statements [Ex. J, p. 15].

**V. PRAYER FOR RELIEF**

50. Declaratory relief as described.

51. Injunctive relief vacating Knill's orders after June 9, 2023.

52. Reassignment to a neutral venue.

53. Compensatory damages in an amount to be proven at trial, not less than $2,000,000.

54. Punitive damages against individual defendants acting outside judicial immunity.

55. Attorneys' fees under 42 U.S.C. §1988.

56. Such other relief as the court deems just.

**VI. JURY DEMAND**

57. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 9

## V. PRAYER FOR RELIEF

58. Plaintiffs repeat and incorporate by reference all prior paragraphs as though fully set forth herein.

59. Plaintiffs respectfully request that this Court enter judgment in their favor and against all Defendants and grant the following relief:

**Declaratory Relief**

60. A declaration that Defendants violated Plaintiffs' constitutional rights under the First and Fourteenth Amendments.

61. A declaration that all rulings and orders issued by Judge Knill after June 9, 2023, while jurisdictionally disqualified, are void ab initio. [Ex. A, p. 2; Ex. F, p. 1].

62. A declaration that the published opinion of the California Court of Appeal, Division Three, contains knowingly false procedural statements and deprived Plaintiffs of meaningful appellate review. [Ex. J, p. 15].

**Injunctive Relief**

63. An injunction enjoining Judge Kimberly Knill from presiding over any current or future matters involving Plaintiffs.

64. An injunction enjoining Judge Sheila Recio from presiding over any current or future matters involving Plaintiffs.

65. An injunction vacating all rulings and judgments entered against Plaintiffs in Smith v. Woolard after June 9, 2023.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 10

66. An injunction vacating all rulings and judgments entered against Plaintiffs in Greenhouse v. Eunson where due process was denied.

67. An injunction transferring any pending or related actions involving Plaintiffs to a neutral venue outside the Orange County Superior Court, Central Justice Center, and Westminster divisions.

68. An injunction requiring the California Court of Appeal to correct the public record, or in the alternative, to issue a formal acknowledgment that Plaintiffs filed a verified writ challenging Judge Knill's refusal to recuse. [Ex. Q, pp. 1–10].

**Compensatory Damages**

69. An award of compensatory damages to Plaintiffs in an amount to be determined at trial, but not less than two million dollars ($2,000,000), for violations of their constitutional rights.

70. Compensatory damages for the loss of legal claims and denial of access to justice.

71. Compensatory damages for emotional distress, reputational harm, and psychological injury caused by Defendants' acts.

72. Compensation for financial losses stemming from unlawful sanctions, litigation costs, and denial of housing rights.

**Punitive Damages**

73. An award of punitive damages against Defendant Judge Kimberly Knill in her individual capacity for actions outside judicial immunity, including knowingly striking disqualification motions and retaliating against Plaintiffs for protected speech.

74. An award of punitive damages against Defendant Judge Sheila Recio in her individual

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 11

capacity for knowingly misstating case history and denying Plaintiffs' right to trial.

75. An award of punitive damages against individual appellate justices who knowingly issued a published opinion containing false statements of procedural fact. [Ex. J, p. 15].

**Nominal Damages**

76. An award of nominal damages recognizing the violation of constitutional rights that cannot be fully quantified in monetary terms.

**Attorneys' Fees and Costs**

77. An award of reasonable attorneys' fees and costs under 42 U.S.C. §1988.

78. In the alternative, the appointment of pro bono counsel in light of the complexity and public interest in this matter.

**Further Relief**

79. Such other and further relief as this Court deems just, equitable, and proper.

---

## VI. DEMAND FOR JURY TRIAL

80. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all claims and issues so triable.

---

## VII. RESERVATION OF RIGHTS

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 12

81. Plaintiffs reserve the right to amend this Complaint to conform to the evidence and to assert additional claims or remedies as justice requires.

82. Plaintiffs further reserve all rights of appeal from any interlocutory or final rulings adverse to their claims.

**V. PRAYER FOR RELIEF (Expanded)**

**Declaratory Relief**

83. Plaintiffs request a declaration that Defendants' conduct violated their rights under the First Amendment to petition the government without retaliation.

84. Plaintiffs request a declaration that Defendants' conduct violated their rights under the Fourteenth Amendment to due process of law and equal protection.

85. Plaintiffs request a declaration that judicial rulings issued after June 9, 2023, while Judge Knill was disqualified, are void ab initio. [Ex. A, p. 2; Ex. F, p. 1].

86. Plaintiffs request a declaration that the published opinion of the Court of Appeal contains materially false statements of procedural fact and deprived Plaintiffs of meaningful appellate review. [Ex. J, p. 15].

87. Plaintiffs request a declaration that the reassignment of Plaintiffs' cases to previously challenged judges constituted systemic retaliation and violated constitutional guarantees of impartiality. [Ex. V, p. 1].

**Injunctive Relief**

88. Plaintiffs request an injunction enjoining Judge Kimberly Knill from presiding over any

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 13

current or future matters involving Plaintiffs.

89. Plaintiffs request an injunction enjoining Judge Sheila Recio from presiding over any current or future matters involving Plaintiffs.

90. Plaintiffs request an injunction vacating all orders and judgments entered by Judge Knill in Smith v. Woolard after June 9, 2023.

91. Plaintiffs request an injunction vacating all orders and judgments entered by Judge Recio in Greenhouse v. Eunsonwhere due process was denied.

92. Plaintiffs request an injunction transferring all pending or future litigation involving Plaintiffs in Orange County to a neutral venue outside the Central Justice Center and Westminster Courthouse.

93. Plaintiffs request an injunction requiring the California Court of Appeal to correct the public record by acknowledging Plaintiffs' verified writ filing or striking the false portion of the published opinion. [Ex. Q, pp. 1–10; Ex. J, p. 15].

94. Plaintiffs request an injunction requiring Orange County Superior Court to implement procedures ensuring disqualification motions are referred to a neutral judge in compliance with CCP §170.3(c)(5).

95. Plaintiffs request an injunction requiring Orange County Superior Court to establish safeguards against retaliatory reassignment of cases following the filing of judicial challenges.

**Compensatory Damages**

96. Plaintiffs request damages for loss of viable legal claims extinguished by unconstitutional rulings.

97. Plaintiffs request damages for denial of access to the courts and meaningful appellate

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 14

review.

98. Plaintiffs request damages for the unlawful imposition of $2,000 in sanctions. [Ex. T, p. 1].

99. Plaintiffs request damages for emotional distress, including anxiety, sleeplessness, and psychological trauma caused by Defendants' misconduct.

100. Plaintiffs request damages for reputational injury resulting from false judicial statements labeling Plaintiffs as frivolous litigants. [Ex. J, pp. 12–15].

101. Plaintiffs request damages for financial losses incurred in defending against discriminatory HOA enforcement and retaliatory litigation. [Exs. L–O].

102. Plaintiffs request damages for expenses and hardship arising from repeated denials of continuances, including loss of electronic evidence and inability to present key testimony. [Ex. G, pp. 1–5; Ex. H, pp. TBD].

103. Plaintiffs request damages for the hostile housing environment created by Greenhouse HOA with the tacit approval of the Superior Court. [Ex. S, pp. 300–320].

**Punitive Damages**

104. Plaintiffs request punitive damages against Judge Knill in her individual capacity for knowingly striking disqualification motions and granting dispositive rulings while disqualified. [Exs. A–B, F].

105. Plaintiffs request punitive damages against Judge Recio in her individual capacity for knowingly misstating procedural history and dismissing Plaintiffs' claims without a trial. [Ex. H, pp. TBD].

106. Plaintiffs request punitive damages against appellate justices who knowingly published false procedural statements to shield institutional colleagues. [Ex. J, p. 15].

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 15

107. Plaintiffs request punitive damages against agents of the Orange County Superior Court who reassigned the Plaintiffs' cases to disqualified judges in retaliation. [Ex. V, p. 1].

**Nominal Damages**

108. Plaintiffs request nominal damages in recognition of constitutional violations that cannot be measured in economic terms but nevertheless deprived them of rights guaranteed by the Constitution.

**Attorneys' Fees and Costs**

109. Plaintiffs request an award of attorneys' fees and costs under 42 U.S.C. §1988.

110. In the alternative, Plaintiffs request the appointment of pro bono counsel to ensure adequate representation in this matter.

**Further Relief**

111. Plaintiffs request any additional equitable or legal relief that this Court deems just and proper to redress the constitutional harms described herein.

## VI. DEMAND FOR JURY TRIAL

112. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all claims and issues so triable.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 16

## VII. RESERVATION OF RIGHTS

113. Plaintiffs reserve the right to amend this complaint to conform to the evidence as it develops.

114. Plaintiffs reserve the right to assert additional claims arising under federal or state law as discovery proceeds.

115. Plaintiffs reserve the right to appeal any interlocutory or final rulings adverse to their claims.

## VIII.  EXHIBITS ATTACHED

Plaintiffs attach hereto and incorporate by reference Exhibits A through X with Table of contents, which are true and correct copies of the orders, motions, correspondence, and related documents referenced herein.

Dated: August 20, 2025

By: Eric Woolard

ERIC WOOLARD

Plaintiff, Pro Se

By: Breonna Hall

BREONNA HALL

Plaintiff, Pro Se

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 17

**EXHIBIT INDEX**

| Exhibit # | Description | Related Claims | Referenced on pg. # |
|---|---|---|---|
| A | Order Striking First Disqualification (6/9/23) | Judicial Bias & Disqualification | |
| B | Second Order Striking Disqualification | Judicial Bias & Disqualification | |
| C | Verified Disqualification Motion | Judicial Bias & Disqualification | |
| D | Minute Order Denying Relief to File Opposition 1 | Procedural Misconduct & Sanctions | |
| E | Minute Order Denying Relief to File Opposition 2 | Procedural Misconduct & Sanctions | |
| F | Order Granting Summary Judgment | Improper Summary Judgment | |
| G | Motion for Reconsideration in Greenhouse v. Eunson | Procedural Misconduct & Sanctions | |
| H | Response to Court of Appeal (Greenhouse v. Eunson) | Appellate Misconduct & Misrepresentation | |
| I | Certified Writ Denial (Court of Appeal) | Appellate Misconduct & Misrepresentation | |
| J | Published Appellate Opinion (False Writ Statement) | Appellate Misconduct & Misrepresentation | |
| K | Petition for Rehearing Notifying Appellate Error | Appellate Misconduct & Misrepresentation | |
| L | HOA Notice Prohibiting Children from Playing (April 2019) | Housing Discrimination Evidence | |
| M | HOA Notice - No Bikes or Playing (June 2018) | Housing Discrimination Evidence | |
| N | HOA Notice – Children Playing in Driveway | Housing Discrimination Evidence | |
| O | HOA Notice – Children Playing (March 2022) | Housing Discrimination Evidence | |
| P | Email to Chief Justice Guerrero Alleging Judicial Misconduct | Oversight & Retaliation Evidence | |
| Q | Petition for Writ of Mandamus | Appellate Misconduct & Misrepresentation | |
| R | Opening Appeal Brief (Version 2) | Appellate Misconduct & Misrepresentation | |
| S | Opening Appeal Brief (Version 3) | Appellate Misconduct & Misrepresentation | |
| T | Minute Order Granting Ex Parte Motion to Compel & Sanctions (1/12/23) | Procedural Misconduct & Sanctions | |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 13

| | | | |
|---|---|---|---|
| U | Minute Order Requiring Discovery Referee | Procedural Misconduct & Sanctions | |
| V | Minute Order Re: Recusal Request | Judicial Bias & Disqualification | |
| W | transcripts summary judgment | Procedural Misconduct & Sanctions | |
| X | petition to supreme court of CA | CA Supreme Court | |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 14

# EXHIBIT A

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 15

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

**JUN 0 8 2023**

DAVID H. YAMASAKI, Clerk of the Court

BY_____,DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| ERIC SMITH, STACY THORNE, | **CASE NO. 30-2020-01174210** |
| Plaintiffs, | |
| v. | |
| ERIC WOOLARD, BREONNA HALL, et al., | **ORDER STRIKING MOTION TO DISQUALIFY AND, IN THE ALTERNATIVE, VERIFIED ANSWER OF JUDGE KIMBERLY A. KNILL** |
| Defendants. | |

On June 2, 2023, Defendants Eric Woolard and Breonna Hall filed a pleading entitled, "MOTION TO DISQUALIFY JUDGE." The Motion to Disqualify asserts a person aware of the facts might reasonably entertain a doubt the Court is able to be impartial based on (1) Defendants' assertion the Court favors represented parties over self-represented parties; (2) the Court's denial of Defendants' peremptory challenge as untimely; and (3) dissatisfaction with the Court's rulings on discovery, sanctions, and a trial continuance. Because the pleading demonstrates on its face no legal grounds for disqualification, it is ordered stricken. (Code Civ. Proc., § 170.4, subd. (b).)

**The Motion to Disqualify Fails to State Grounds for Disqualification**

The Court may strike a motion for disqualification that demonstrates on its face no legal grounds for disqualification. (Code Civ. Proc., § 170.4, subd. (b).) A motion to disqualify must set forth "the facts constituting the grounds" for disqualification. (Code Civ.

-1-

Proc., § 170.3, subd. (c)(1).) Mere conclusions are insufficient. (*In re Morelli* (1970) 11 Cal.App.3d 819, 843.) A motion to disqualify cannot be based on information and belief, hearsay, or other inadmissible evidence. (*United Farm Workers of America v. Superior Court* (1985) 170 Cal.App.3d 97, 106 fn. 6 (*United Farm Workers*).)

"The law does not assume prejudice on the part of the trial judge." (*Gimble v. Laramie* (1960) 181 Cal.App.2d 77, 84.) Whether a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial is fundamentally an objective standard. (*Jolie v. Superior Court* (2021) 66 Cal.App.5th 1025, 1039.) The litigants' necessarily partisan views do not provide the applicable frame of reference. (*Ibid.*) "The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 389 (*Haworth*).) "The partisan litigant emotionally involved in the controversy underlying the lawsuit is not the *disinterested objective observer* whose doubts concerning the judge's impartiality provide the governing standard." (*Wechsler v. Superior Court* (2014) 224 Cal.App.4th 384, 391 (cleaned up).) "The appearance-of-partiality standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." (*Haworth, supra,* 50 Cal.4th at p. 389.)

Here, the Motion to Disqualify is based on Defendants' beliefs, speculation, hearsay, and conclusory assertions. It provides no concrete facts or admissible evidence setting forth any grounds for the Court's disqualification.

### The Court's Rulings Form No Basis for Disqualification

The gravamen of the Motion to Disqualify is Defendants' dissatisfaction with the Court's rulings granting discovery motions, imposing sanctions, denying a peremptory challenge, and continuing trial. A party's disagreement with the Court's decisions is not grounds for disqualification. (See *Yolo County Dept. of Child Support Services v. Myers* (2016) 248 Cal.App.4th 42, 51.) "Erroneous rulings against a litigant, even when numerous and continuous, form no ground for a charge of bias or prejudice, especially when they are

-2-

subject to review." (*Mackie v. Dyer* (1957) 154 Cal.App.2d 395, 400.) A party's remedy for an erroneous ruling is not a motion to disqualify, but rather to seek review by appeal or writ. (*See Ryan v. Welte* (1948) 87 Cal.App.2d 888, 893; *People v. Farley* (2009) 46 Cal.4th 1053, 1110.) Thus, the decisions and rulings made in this case fail to support a claim of bias as a matter of law.

### A Judge Has a Duty to Rule When Not Disqualified

A judge has both an ethical and statutory duty to decide cases where, as here, there are no legal grounds for disqualification. (Code Civ. Proc., § 170; Code Jud. Ethics, canon 3B(1).) The duty to decide cases if there are no legal grounds is as strong as the duty to recuse if there are grounds. (*United Farm Workers, supra,* 170 Cal.App.3d at p. 100.)

### Conclusion

Because the Motion to Disqualify on its face discloses no legal grounds for disqualification, and is untimely, it is ordered stricken pursuant to Code of Civil Procedure section 170.4 subdivision (b). This determination is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought within 10 days of notice to the parties of the decision. (Code Civ. Proc., § 170.3, subd. (d).) In the event a timely writ is sought and an appellate court determines an answer should have been timely filed, an alternative answer is filed herewith. (*See PBA, LLC v. KPOD, Ltd.* (2003) 112 Cal.App.4th 965, 972.)

GOOD CAUSE APPEARING THEREFORE, it is so ordered.

Date: June _8__, 2023

_____
Judge Kimberly A. Knill

-3-

ORDER STRIKING MOTION TO DISQUALIFY
AND, IN THE ALTERNATIVE, VERIFIED ANSWER

EXHIBIT A

## VERIFIED ANSWER OF JUDGE KIMBERLY A. KNILL

I, Kimberly A. Knill, declare as follows:

1.    I am a Judge of the Superior Court of California, County of Orange, and have been assigned to preside over the instant matter. If called upon as a witness, I could and would competently testify to the matters stated herein.

2.    The judicially-noticeable court file reflects that the complaint in this action was filed on December 11, 2020. On December 20, 2022, the parties were notified by mail that this case was being reassigned to me. (See ROA 301.)

3.    On June 2, 2023, Defendants Eric Woolard and Breonna Hall filed a document entitled, "MOTION TO DISQUALIFY JUDGE," contending a person aware of the facts might reasonably entertain a doubt I am able to be impartial based on Defendants' allegations that I favor represented parties over self-represented parties and Defendants' dissatisfaction with my rulings addressing discovery, sanctions, a peremptory challenge, and a trial continuance.

4.    I specifically deny I am biased or prejudiced for or against any party or attorney in this action. I further deny I am unable to act fairly and impartially in this proceeding. I am not prejudiced or biased against or in favor of any party or attorney, nor am I unable to act impartially in this case. I have no personal interest in this proceeding and know of no reason why I cannot be fair and impartial.

5.    I specifically deny I have acted improperly in this action. All statements made, all actions taken, and all of my rulings in this proceeding have been based on my understanding of the facts and law, and have been in furtherance of what I believe to be my judicial duties.

6.    I specifically deny I treat represented parties more or less favorably than unrepresented parties.

7.    My statements and rulings are set forth in the court records and court files, which are the best evidence of the proceedings. To the extent moving party's account of

-4-

those rulings and statements is inconsistent with the court records and court files, it is denied.

8.    I do not believe my recusal would serve the interests of justice.

9.    I know of no facts or circumstances that would require my disqualification or recusal in this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 8, 2023 at Santa Ana, California.

_____
Judge Kimberly A. Knill

-5-

ORDER STRIKING MOTION TO DISQUALIFY
AND, IN THE ALTERNATIVE, VERIFIED ANSWER

EXHIBIT B

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 16

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

**JUN 2 3 2023**

DAVID H YAMASAKI, Clerk of the Court

BY_____,DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| ERIC SMITH, STACY THORNE, <br><br> Plaintiffs, <br><br> v. <br><br> ERIC WOOLARD, BREONNA HALL, et al., <br><br> Defendants. | CASE NO. 30-2020-01174210 <br><br> **ORDER STRIKING STATEMENT OF DISQUALIFICATION (SECOND)** |

On June 21, 2023, Defendants Eric Woolard and Breonna Hall filed a pleading entitled, "VERIFIED STATEMENT IN SUPPORT OF OBJECTION TO JUDGE KIMBERLY A. KNILL DECLARATION OF ERIC WOOLARD, EXHIBITS MEMORANDUM OF POINTS AND AUTHORITIES" (hereinafter "Statement of Disqualification"). The Statement of Disqualification asserts the Court is biased and a person aware of the facts might reasonably entertain a doubt the Court is able to be impartial because the Court denied Defendants' Motion to Disqualify and based on the facts asserted in the prior Motion to Disqualify. Because the pleading demonstrates on its face no legal grounds for disqualification, it is ordered stricken. (Code Civ. Proc., § 170.4, subd. (b).)

**The Statement of Disqualification Improperly Repeats the Prior Challenge**

On June 2, 2023, Defendants filed a document entitled, "MOTION TO DISQUALIFY JUDGE." On June 8, 2023, the Court issued an order striking the Motion to Disqualify on

-1-

ORDER STRIKING
STATEMENT OF DISQUALIFICATION (SECOND)

the basis it failed to state grounds for disqualification. (Code Civ. Proc., § 170.4, subd. (d).) Disagreement with the Court's order striking the prior Motion to Disqualify does not constitute "new grounds for disqualification." To obtain review of an allegedly erroneous order striking a motion to disqualify, the parties must file a petition for writ of mandate in the Court of Appeal within 10 days of notice. (Code Civ. Proc., § 170.3, subd. (d).) "A party may file no more than one statement of disqualification against a judge unless facts suggesting new grounds for disqualification are first learned of or arise after the first statement of disqualification was filed. Repetitive statements of disqualification not alleging facts suggesting new grounds for disqualification shall be stricken by the judge against whom they are filed." (Code Civ. Proc., § 170.4, subd. (c)(3).)

**The Statement of Disqualification Fails to State Grounds for Disqualification**

The Court may strike a motion for disqualification that demonstrates on its face no legal grounds for disqualification. (Code Civ. Proc., § 170.4, subd. (b).) A motion to disqualify must set forth "the facts constituting the grounds" for disqualification. (Code Civ. Proc., § 170.3, subd. (c)(1).) Mere conclusions are insufficient. (*In re Morelli* (1970) 11 Cal.App.3d 819, 843.) A motion to disqualify cannot be based on information and belief, hearsay, or other inadmissible evidence. (*United Farm Workers of America v. Superior Court* (1985) 170 Cal.App.3d 97, 106 fn. 6 (*United Farm Workers*).)

"The law does not assume prejudice on the part of the trial judge." (*Gimble v. Laramie* (1960) 181 Cal.App.2d 77, 84.) Whether a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial is fundamentally an objective standard. (*Jolie v. Superior Court* (2021) 66 Cal.App.5th 1025, 1039.) The litigants' necessarily partisan views do not provide the applicable frame of reference. (*Ibid.*) "The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 389 (*Haworth*).) "The partisan litigant emotionally involved in the controversy underlying the lawsuit is not the *disinterested objective observer* whose doubts concerning the judge's impartiality provide the governing standard." (*Wechsler v. Superior Court* (2014)

-2-

ORDER STRIKING
STATEMENT OF DISQUALIFICATION (SECOND)

224 Cal.App.4th 384, 391 (cleaned up).) "The appearance-of-partiality standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." (*Haworth, supra*, 50 Cal.4th at p. 389.)

Here, the Statement of Disqualification is based on Defendants' beliefs, speculation, hearsay, and conclusory assertions. It provides no concrete facts or admissible evidence setting forth any grounds for the Court's disqualification.

### The Court's Rulings Form No Basis for Disqualification

The gravamen of the Statement of Disqualification is Defendants' dissatisfaction with the Court's rulings granting discovery motions, imposing sanctions, denying the Motion to Disqualify and peremptory challenge, and granting a trial continuance. A party's disagreement with the Court's decisions is not grounds for disqualification. (See *Yolo County Dept. of Child Support Services v. Myers* (2016) 248 Cal.App.4th 42, 51.) "Erroneous rulings against a litigant, even when numerous and continuous, form no ground for a charge of bias or prejudice, especially when they are subject to review." (*Mackie v. Dyer* (1957) 154 Cal.App.2d 395, 400.) A party's remedy for an erroneous ruling is not a motion to disqualify, but rather to seek review by appeal or writ. (*See Ryan v. Welte* (1948) 87 Cal.App.2d 888, 893; *People v. Farley* (2009) 46 Cal.4th 1053, 1110.) Thus, the decisions and rulings made in this case fail to support a claim of bias as a matter of law.

### A Judge Has a Duty to Rule When Not Disqualified

A judge has both an ethical and statutory duty to decide cases where, as here, there are no legal grounds for disqualification. (Code Civ. Proc., § 170; Code Jud. Ethics, canon 3B(1).) The duty to decide cases if there are no legal grounds is as strong as the duty to recuse if there are grounds. (*United Farm Workers, supra*, 170 Cal.App.3d at p. 100.)

### Conclusion

The Statement of Disqualification is stricken because it improperly repeats the prior Motion to Disqualify and discloses no legal grounds for disqualification. (Code Civ. Proc., § 170.4 subds. (b) & (c)(3).) This determination is not an appealable order and may be

-3-

ORDER STRIKING
STATEMENT OF DISQUALIFICATION (SECOND)

reviewed only by a writ of mandate from the appropriate court of appeal sought within 10 days of notice to the parties of the decision. (Code Civ. Proc., § 170.3, subd. (d).)

GOOD CAUSE APPEARING THEREFORE, it is so ordered.

Date: June 23, 2023

_Kimberly A. Knill_
Judge Kimberly A. Knill

-4-

ORDER STRIKING
STATEMENT OF DISQUALIFICATION (SECOND)

EXHIBIT C

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 17

Eric Woolard
Breonna Hall
144000 Newport Ave. #18
Tustin, CA 92780
949-648-6606
remcompanyeric@gmail.com
W.ebro@hotmail.com

**Superior Court of the State of California**

**For the County of Orange, Central Justice Center**

| | |
|---|---|
| Eric Smith, Stacy Thorne, | )   Case No. 30-2020-01174210-CU-PO-CJC |
|        Plaintiffs, | ) <br> )   **VERIFIED STATEMENT IN SUPPORT OF** |
| | )   **OBJECTION TO JUDGE KIMBERLY A> KNILL** |
|      vs. | )   **DECLARATION OF ERIC WOOLARD, EXHIBITS** |
| | )   **MEMORANDUM OF POINTS AND** |
| Eric Woolard, Breonna Hall, Terry Eunson, Peter | )   **AUTHORITIES** |
| Eunson, Regent Real Estate Services Inc., | ) <br> )   **DEPT: C17** |
| | )   **JUDGE:  KIMBERLY A. KNILL** |
|        Defendants. | ) |

And Related Cross-Complainant.

TO THE CLERK OF THIS COURT AND ALL OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that **DEFENDANT, AND CROSS-COMPLAINANTS ERIC WOOLARD** and **BREONNA HALL** HEREBY OBJECT to the Hon Judge Kimberly A. Knill presiding at any further hearings or proceedings concerning this action.  Said objection is based on the grounds and upon the facts set forth in the declaration of Eric Woolard and exhibits attached thereto, concurrently filed and served herewith and incorporated herein by reference.

Dated June 19th, 2023

Eric Woolard,                 In Pro Per
Breonna Hall                In Pro Per

//
//
//
//
//

## DECLARATION OF  ERIC WOOLARD

I, Eric Woolard declare as follows:

1.      I am a party to this action and am over the age of 18 years. I have personal firsthand knowledge of the facts set forth herein and if called as a witness could and would testify competently to the truth of the facts set forth herein.

2.      I make this declaration in support of my objection to the Hon. Judge Kimberly A. Knill presiding at any further proceedings in this action.

3.      The Hon. Judge Knill is disqualified to preside at any further proceedings in this action on the grounds that:

4.      A person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial in that**, Judge Kimberly Knill has exhibited clear bias and prejudice throughout this case.** A true and correct copy of the first Motion to Disqualify Judge Knill is attached hereto as exhibit "A" and incorporated herein by reference.

5.      I believe that Judge Kimberly Kill present a clear presence of bias against myself, and favors the opposing Counsel Kevin Jolly, to where any reasonable person aware of the facts would also believe she is bias and do not believe I will receive an opportunity to have  fair chance at trial.

6.      Hon. Judge Knill has exhibited clear bias and prejudice throughout the time she has presided over this case and shows an undeniable favoritism towards counsel in this case.

7.         In this case, Judge Knill exceeded the bounds of reasonable conduct for a judge seeking to exercise control of the proceedings and reach an unfair and efficient result.

8.      The behaviour of Judge Knill  involved conduct that clearly did not afford me a reasonable opportunity to be heard and present my evidence or even speak to the Court. The obligation of a judge to dispose of matters promptly and efficiently must not take precedence over the judge's obligation to dispose of the matters fairly and with patience. For example, the Canons of Judicial Ethics state in pertinent part that, when a litigant is self-represented, a judge has the discretion to take reasonable steps, appropriate under the circumstances and consistent with the law and the canons, to enable the litigant to be heard. …  *Cannon 3, Advisory Comm. Commentary*, Page 17, Lines 24-30.

I, Eric Woolard, declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed on June 19, 2023, at Tustin, California.



//
//
//
//
//
//

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF FACTS

Judicial officer Kimberly Knill was reassigned to this case [docket # 322] and has been active on this case since January 9th, 2023, and her participation is ongoing, Cross-complainant, Eric Woolard, filed a 170.6 peremptory challenge, requesting she recuse herself [docket # 363] on or around January 17th, which was denied in chambers on 01/17/23[docket #365]. It has become apparent that she is biased, even ignoring the laws and changing decisions to benefit the Plaintiffs, and their counsel, who are BAR attorneys, she cannot be objective in her decisions. Cross-complainants requests that a new Judicial Officer be assigned from outside of this Judicial Officers influence.

A previous Motion to Disqualify Judge, was filed on June 8th, 2023, and stricken on grounds it stated, "no legal basis." It was further argued that the moving party was just upset with recent rulings made, where sanctions granted. This is NOT true, as moving party requested Judge Knill to recuse herself prior to the sanctions granted against the moving party in the hearing on 5/12/2023. The motion was further denied or stricken on the grounds that it was untimely. "The failure to exercise discretion is an abuse of discretion."  Dickson, Carlson & Campillo v. Pole, 83 Cal.App.4th 436, 449 (2000).

The answer to the Motion to Disqualify Judge Knill cited "the reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well informed thoughtful observer.'" Further stating that the Motion to disqualify was due to the "the defendants' dissatisfaction with the court's rulings granting discovery motion, imposing sanctions denying a pre-emptory challenge, and continuing trial. A party's disagreement with the Courts decisions is not the grounds for disqualification. (See Yolo County Dept. of Child Support Services V. Myers (2018 248 Cal.App.4th 42, 51)" Judge Knill stated further "Erroneous rulings against a litigant, even when numerous and continuous, form no ground for a charge of bias or prejudice, especially when they are subject to review." Citing (Mackie v. Dyer (1957) 1553 Cal.App 2d 295, 400)

Judge Knill raised an argument that "Erroneous rulings against a litigant, even when numerous and continuous form no ground for a charge of prejudice," wherein it explained by the California Judicial Education and Research (CJER) and California Judges Benchguide (CJB) which they have similar findings explaining "The fact that the judge made erroneous rulings is not, by itself, sufficient justification for removing the judge from further proceedings in the case. Blakemore v Superior Court (2005) 129 CA4th 36, 59–60, 27 CR3d 877. See Hernandez v Superior Court (2003) 112 CA4th 285, 4 CR3d 883 (denying petitioners' request for assignment of new judge because they were "forced" to file three petitions to overturn discovery orders, when one petition was summarily denied, two other petitions were partially granted and denied, and judge's orders did not suggest bias or disregard of law, but only frustration and desire to manage complex case)."

CJER and CJB went on further to explain, "However, when the judge has exhibited numerous instances of bias toward a party in the case, such that the average person might justifiably doubt whether the judge could be impartial, there is ample justification for disqualifying the judge. Catchpole v Brannon (1995) 36 CA4th 237, 262, 42 CR2d 440."

VERIFIED STATEMENT IN SUPPORT OF OBJECTION TO JUDGE KIMBERLY A. KNILL

Which at the conclusion of the case, upon final judgement the appellate court reversed the judgement and ordered a new trial, upon the finding that the judge was biased and that the matter be heard in front of a new judge."

Under California Code of Civil Procedure (CCP) Section 170.1(a)(6)(C) "For any reason . . . a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial,"  Cross-complainants believes that any reasonable person aware of the facts and circumstances would believe that Honorable Judge Kimberly Knill is biased and prejudiced, has ignored the laws, and failed to ensure constitutional rights of impartiality and due process rights.

CCP § 170.1.  (A)" A judge shall be disqualified if any one or more of the following are true:" "(6) [170.1 (A) (iii)] "A person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial…" [(B)] "Bias or prejudice toward a lawyer in the proceeding may be grounds for disqualification."

Eric Woolard and Breonna Hall object to the Hon. **Judge Kimberly A. Knill** presiding at any further hearings or proceedings concerning this action on the grounds that a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial in that **Judge Knill has exhibited clear bias or prejudice.** See the declaration of Eric Woolard and exhibits attached thereto, concurrently filed and served herewith and incorporated herein by reference.

**II.  ARGUMENT**

**A.     CALIFORNIA LAW STATES THAT A JUDGE IS DISQUALIFIED FOR  ANY REASON OTHER PERSONS AWARE OF THE FACTS MIGHT      REASONABLY  ENTERTAIN  A DOUBT THAT THE JUDGE WOULD BE ABLE TO     BE IMPARTIAL AND A JUDGE'S BIAS TOWARDS A PARTY IS CLEARLY A      GROUND FOR DISQUALIFICATION**

California law states that a judge is disqualified were, for any reason:

"Other persons aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial". See *Code of Civil Procedure* § 170.1(a)(6)(A)(iii).

*Code of Civil Procedure* §170.5 states in pertinent part that, "For the purposes of Sections 170 to 170.5, inclusive, the following definitions apply:

(a) "Judge" means judges of the superior courts, and court commissioners and referees.

And the test for impartiality is objective in that "The situation must be viewed through the eyes of the ... average person on the street" as of the time the motion is brought. *United Farm Workers of America v. Sup.Ct. (Maggio, Inc).* (1985) 170 Cal. App. 3d 97, 104 (emphasis added).

"The word 'might' in the statute was intended to indicate that disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United Farm Workers of America v. Sup.Ct. (Maggio, Inc.)*, supra, 170 Cal.App. 3d at p. 104 (emphasis added).

The bias exhibited is clear and convincing in that the previous Motion to Disqualify, was in fact filed in the clerk's office, and the moving party specifically requested that a different judge hear the motion, the motion included a statement signed under penalty of perjury and had an attached declaration. The clerk's manager accepted the paperwork and informed the moving party that the Motion would be decided on by a different Judge in a different county, if the judge opposed it within 10 days.

Instead of this motion being heard in front of a different judge, Judge Knill herself, ruled on the Motion to Disqualify herself, and struck the motion as having no legal basis. The grounds of striking the motion, purportedly were because the motion stated no legal basis, and as stated by Judge Knill, allegedly 'untimely.'

As an alternative to striking the Motion to Disqualify, Judge Knill provided an answer which failed to dispute any facts. The Striking Motion to Disqualification, cited a portion of 170.3 wherein she stated her belief the Motion had no legal grounds, ("because the motion to disqualify on its face discloses no legal grounds for disqualification, and is untimely, it is ordered stricken pursuant to Code of Civil Procedure section 170.4 subdivision (b).")  Judge Knill deciding to strike the motion was improper and against 170.4.

 (a)" A disqualified judge, notwithstanding his or her disqualification may do any of the following:"

 (c) (1) 'If a statement of disqualification is filed after a trial or hearing has commenced by the start of voir dire, by the swearing of the first witness or by the submission of a motion for decision, the judge whose impartiality has been questioned may order the trial or hearing to continue, notwithstanding the filing of the statement of disqualification. The issue of disqualification shall be referred to another judge for decision as provided in subdivision (a) of Section 170.3, and if it is determined that the judge is disqualified, all orders and rulings of the judge found to be disqualified made after the filing of the statement shall be vacated. (b) Notwithstanding paragraph (5) of subdivision (c) of Section 170.3, if a statement of disqualification is untimely filed or if on its face it discloses no legal grounds for disqualification, the trial judge against whom it was filed may order it stricken."

On 1/12/2023 an ex parte hearing was filed for a motion to compel Breonna Hall provide responses to Special Interrogatories set one Requests for production set one and Sanctions in the amount of 2,300 dollars payable to Jolly Berry Law.

The moving party Breonna Hall was being compelled to respond to discovery requests, which were propounded on December 4th, 2022. Hall requested an extension for time to respond to discovery that was propound on both moving parties Breonna Hall and Eric Woolard December and was denied By Jolly Berry Law. in January 2023, Hall offered to Jolly Berry Law informally to provide all discovery and was ignored immediately following the e-mail the attorney filed a motion for terminating sanctions against Eric Woolard.

 Hall explained the foregoing to The Court at the hearing in which Hon. Judge Knill stated, "congratulations on your new baby, however having a baby is not an excuse to not respond to discovery. She explained how as self-represented parties you are required to follow the same rules as Attorneys and will be held to the same standards as attorneys. She enforced the sanctions with a smirk on her faces "you can expect the same treatment in the future" She awarded the sanctions in the amount of 2,300.00, dollars to be paid to Jolly Berry Law within 10 days.

At that time Mr., Woolard responded "that's not going to happen."  Knill responded by threatening to hold Hall in contempt of court if the sanctions were not paid within 10 days Cross-complainants immediately informed the court of the inability to pay the sanctions ordered.  Cross-complainants, requested for Judge Knill to vacate the sanctions explaining their inability to pay and was denied.

Ex parte hearing filed by Cross-defendants Greenhouse and Regent to extend the trial date [docket #359] Date: 01/17/2023 During this hearing Counsel for Greenhouse and Regent requested that the trial date be extended to a further time. Hall and Woolard opposed the ex parte requesting to extend the trial date, explaining the fact that this

pending matter has been and will continue to ruin the quality of their life as this case has severely increased stress in their lives, and their ability to even function on a daily basis.

As Woolard was speaking opposing counsel interrupted him and began arguing that this was his fault they were on calendar and explained that the trial date needed to be extended because of Woolard. Woolard explained that the discovery motion was on calendar because of the false misrepresentations he was bringing to the court, were not truthful or justified and that the motions were made in bad faith in attempt to get terminating sanctions granted against himself.

Judge Knill allowed Opposing counsel Jolly to interrupt Mr. Woolard and did not even acknowledge his misrepresentations.  While jolly was falsely representing to the court misconduct at Woolard's deposition etc.  Judge Knill offered to conduct Woolard's depositions in her Court. Jolly denied the request (because they were false accusations). At that time Woolard and Hall both requested the Court hold the pending depositions in the court room. Judge Knill responded that, that was an offer made to counsel and it was his decision.

During that same hearing she also offered to counsel a discovery referee she would assign on the courts "Own motion" which was also denied by Jolly and again when both Hall and Woolard requested the court assign a discovery referee on the courts own motion she responded by stating they could "fill out the paperwork themselves" if they wanted her to make a ruling on that.

Any reasonable person would believe that there is a clear and convincing presence of bias, and that her ability to remain impartial is not present in this case.

A 107.6 motion to recuse Hon. Judge Kimberly Knill January 17th,2023 the hearing was vacated in chambers prior to the ex parte hearing that day.

Hall filed an ex parte to vacate the sanctions ordered on Jan. 12. 2023 on January 26, 2023 [docket #380] No parties in attendance, hearing vacated chambers work. The sanctions ordered were not justified as discovery sanctions to be awarded are intended "not to provide a weapon for punishment" but rather to "Prevent abuse of the discovery process and correct the problem" Kluwer U.S., Inc. (2007) 73 Cal.App.4th 285.

Moreover, constitutional due process requires that sanction awards go no further than necessary to accomplish the purpose of discovery." (Newland V Superior Court (1995) 46 Cal.App.4th 1542, 155. The court made vividly clear, in a more recent case, "sanctions should be reserved for serious violations of the standard of practice, not used as a bullying tactic." (Kim V. Westmoore Partners, Inc. (2011) 201 Cal.App.4th 267,293.) \ Any reasonable person overseeing the judicial conduct in this case, would see the Judges decisions as biased and partial.

During a motion to compel Eric Woolard for special interrogatories, Kevin jolly untruthfully stated he had received no responses from Woolard, When Woolard asked to speak after Kevin jolly was finished, Hon. Judge Knill stated "what more could you have to offer this hearing you just won the motion." Woolard informed the court of Kevin Jolly receiving a response and then an amended response, following his meet and confer, requesting a further response, which Woolard further explained to have having both proof of services and e - mails to confirm this untruthful statement he represented to the court, which the court refused to acknowledge, concluding the hearing.

A complaint was filed with The California Judicial Committee regarding the bias treatment around the end of January 2023.

A 12-page opposition to a motion for contempt against Breonna Hall filed by opposing counsel Jolly, explaining the sanctions ordered at the ex parte hearing on January 12,2023, violated constitutional rights of due process finally was able to convince Judge Knill to reverse the sanctions.

In early March 2023 Judge Knill stayed all pending discovery motions and requested all parties submit as to whether they were willing to stipulate to a discovery referee.  Judge Knill ultimately denied a discovery referee on the basis that Counsel for Plaintiffs, Kevin Jolly stated his clients could not afford a discovery referee, reversing its decision to assign a discovery referee, and leaving herself to oversee each discovery motion pending on the courts calendar.

On March 23, 2023, Judge Knill vacated the stay in a minute order and informed all parties "ALL MOTIONS ARE FULLY BRIFEED. No additional filings would be excepted without leave from the court."

When Woolard realized he had not filed an opposition to one of the pending motions, he quickly sought leave, to file an opposition to Special interrogatories. Filed by Opposing counsel Jolly seeking sanctions in the amount of 1,200.00 dollar. Judge Knill denied Woolard's opposition in chambers, as being untimely, and explained his request failed to state his reason for not having filed his opposition sooner, vacating the ex parte hearing. Woolard resubmitted and his ex parte explaining the error made by the court representing all motions had been fully briefed and that his motion was not untimely, as the hearing was not for approx. 3 more weeks.

The court again ruled in chambers, vacating Woolard's hearing in addition to denying the timely filing of this opposition, stating this time, Woolard had not included these facts the first time he filed this ex parte, and stated he was wasting judicial time, with the refiling of this request to oppose the discovery motion.

During a mandatory settlement conference, held by Vicki Vanderwoude, who is on the Orange County Bar Associations Master Division Committee, as an attorney while obviously Knill sits as a judge.  Both Hall and Woolard, were e-mailed by a retired senior deputy district attorney by the name of Mark Geller, who informed hall and Woolard, they should implicate their 5th amendment right in this case and be careful what they say as the District Attorney's office could potentially reopen the case and file 'attempted murder charges' against them. Mr. Geller said he was asked by a friend of the temporary Judge to e-mail us, and had no specific information of our case, however stated that there could be serious repercussions if we proceeded with this case.

The next day at the mandatory settlement conference Ms. Vanderwude reluctantly attempted to settle the case for hours. It was almost a 4 hour conference which no party settled, it just seemed like she was pushing very hard to settle the case, unfairly, and she kept saying " I don't want you to lose and get nothing and end up looking back wishing you would have settled" while this could have just been an honest concern, as the information provided was accurate but not likely, it could appear to another person as intimidation or coercion into settling. However, it may appear, it is just stated for the record.

In one of opposing Kevin Jolly's more recent declarations to the court, he untruthfully swore under penalty of perjury Woolard refused to comply with the courts order to meet and confer telephonically and that Hall refused to provide her phone number, despite having a 30-minute conversation with both Woolard and hall. Although unproductive it does provide an attempt to meet and confer, and not in bad faith. Seeing as how only Hall and Woolard were sanctioned 500 $ each payable to the court though, it would be impracticable to assume Judge Knill is not biased

- 7 -

or does not favor Opposing Counsel as he is the one who failed to participate any further in the meet and confer process, because he did not want to agree to recording the phone conversation, which Woolard and Hall stated it needed to be done to prevent further false statements about them to the court, or Judge Knill.

In the beginning of this year Judge Knill requested that both Hall and Woolard update their fee waivers on file as the ones on file were "Stale" and upon doing so she has knowledge of their financial inability to pay any sanctions, and is further clearly aware, that's any sanctions would be unjust. "While it may be well known that sanctions are not to punish litigants but to deter sanctionable conduct and misuse or abuse of the discovery process," Code of Civ. Proc section 2023.030(a) states " The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct. The court may also impose this sanction on one unsuccessfully asserting that another has engaged in the misuse of the discovery process, or on any attorney who advised that assertion, or on both. If a monetary sanction is authorized by any provision of this title, the court shall impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."

Cross-complainant Eric Woolard wrote a letter to Judicial Officer Kimberly Knill and requested she voluntarily recuse herself from the case due to a perceived bias., (a true and correct copy of that letter is attached to the original motion [attached here] as Exhibit A). After hearing Woolard's, letter Judge Knill did not comment on anything mentioned in his letter, instead asked if any other parties had anything else to say then quickly stated the request for the recusal is 'denied as untimely,' and proceeded to hear the next party speak on the matter on calendar. After the opposing counsel was finished speaking, Woolard asked if he could say something regarding opposing Counsels statement, as it was directed at him and Judge Knill, stated, "no you may not, I listened to you for quite some time already,"

Jolly unethically filed a motion to compel Hall to a deposition which she had previously suspended due to the harassing conduct by Jolly. Jolly filed a motion to compel without a meet and confer declaration. During the hearing Hall informed the court she had intended to file a protective order. Judge Knill still awarded Jolly sanctions, knowing cross-complainants are unable to pay and threatened to terminate sanctions if her order was not complied with.

Judge Knill awarded sanctions on the unopposed motion to compel, which she had denied Woolard from filing in the first place. Furthermore, Judge Knill, sanctioned Cross-complainants, for allegedly not participating in a good faith effort, to meet and confer in the meet and confer process, despite oral argument which rebutted Plaintiffs Counsels argument which they informed the court that they had attempted to meet and confer with Mr. Jolly regarding the motion on calendar that day, on more than one occasion, and explained that they attempted to record the conversation via phone, [as ordered by Judge Knill] to protect themselves, from further untruthful statements wrongfully accusing them of whatever allegations Jolly presented to the court. Judge Knill's unjustifiably awarded sanctions payable to Kevin jolly, for the motion filed to compel Woolard, after denying him the right to file his opposition, and disregarding Woolard's request to speak, and in the Courts, order even threatened more sanctions, including Terminating Sanctions

VERIFIED STATEMENT IN SUPPORT OF OBJECTION TO JUDGE KIMBERLY A. KNILL

Cross-complainants sought an ex parte motion to reconsider the order on 5/12/23, however erroneously titled the document itself wrong, and forgot to state one document as an "ex parte" but stated and included it in the motion itself as well as the motion contained a memorandum of points and authorities. Judge Knill's order read "the court is in receipt of 2 documents filed by Defendant Breonna Hall: (1) Breonna Halls Response to the Court order issued on Friday 1/12/23 and (2) Declaration of Breonna Hall in support of Ex Parte Motion. denied the requests stating there is not ex parte application or memorandum of points and authorities as referenced in the page of the declaration. And stated "to the extent Defendant Breonna Hall is seeking ex parte relief from the court the application is denied for failure to comply with Ca Rules of Court. Rules 3.1201. The court need not hold a hearing (civ. proc. § 166, subd, (a)(1).) Judge Knills denial

Despite, a fee waiver being on file for cross-complainants and a court reporter was requested for that hearing, however there was no reporter that day and not any other times one was requested for the 3 previous hearings which one was requested for the 3 previous hearings.

case from the time Judge Knill began presiding over this opposing counsel has begun the 'setting up' for his motions to grant terminating sanctions, which Judge Knill has been going along with and refusing to acknowledge his 'set up' since the beginning of her involvement in this case. This litigation has been ongoing since August 2021 although filed in December 2020, Hon. Judge Derek Hunt, Stayed the hearing in 2021, due to a parallel criminal case. In August 2020, the criminal was dismissed in its entirety, and the Stay was lifted. The litigation for this case continued and up until Judge Knill began presiding over this case, everything including all counsel were reasonable, as Hon. Judge Hunt advised all parties, [in so many words] not to bring 'discovery motions' for court intervention without diligently attempting to work things out amongst parties first and would not allow opposing counsel to take advantage of moving parties, being self-represented.

The fact that Judge Knill had stated all discovery motions and has not heard the motion for terminating sanctions, has caused moving parties a great deal of stress, and has allowed Mr. Jolly to continuously threaten terminating sanctions and threaten to "add another declaration to the terminating sanctions request," forcing moving parties to constantly be on defense and allow Mr. Jolly to become increasingly demanding and hold it against them. Two times this motion for terminating sanctions have been on calendar and both times Judge Knill has attempted to have a temporary Judge to rule on the motion.

**however, Mr. Jolly REFUSES to stipulate to allow a temporary Judge, to rule on the motion, because even he knows that Judge Knill favors him over moving parties.**

**This fact alone, shows that even Mr. Jolly can see the favoritism he knows Judge Knill has towards him. Mr. Jolly won't allow a temporary or any other judge rule on his discovery motion, shows her treatment in this case, any reasonable person would see it that way.**

Bias exists where the judge evidences a "predisposition to decide a cause or an issue in a certain way, which does not leave the mind perfectly open to conviction." The judge's bias toward a party is clearly ground for disqualification. *Pacific & Southwest Annual Conf. of United Methodist Church v. Sup.Ct. (Barr)* (1978) 82 Cal.App. 3d 72, 86.

**B.    THE STATUTES GOVERNING DISQUALIFICATION FOR CAUSE IN CALIFORNIA ARE INTENDED TO ENSURE PUBLIC CONFIDENCE IN THE JUDICIARY AND TO PROTECT THE RIGHTS OF LITIGANTS TO A FAIR AND IMPARTIAL ADJUICATOR AND THE UNITED STATES SUPREME COURT HAS STATED THAT A FAIR TRIAL IN A FAIR TRIBUNAL IS A BASIC REQUIREMENT OF DUE PROCESS**

The conduct exhibited by Judge Knill showed clear evidence of bias and prejudice and deprived Eric Woolard and Breonna Hall of their right to a fair and impartial adjudicator. This conduct also deprived him of his right to a fair trial in a fair tribunal which is a basic requirement of due process as stated by the United States Supreme Court.

The unreasonably awarded unjust sanctions show a clear bias, when Cross-complainants, have followed the letter and intent of the law- to the best of their ability, while the California Bar attorneys are being allowed to violate the wording and intent of the same laws. Opposing counsel has been dishonest and his dishonesty has never been addressed, opposing counsel, interrupts, speaks over and routinely criticizes and degrades moving party, to the Court during hearings and in motions, even in declarations under penalty of perjury.

The decisions or Courts rulings and the sanctioning is not the basis for the disqualification as Judge Knill claimed it to be.  which she stated is the reason for striking the motion to disqualify as it had no legal basis and that moving party had "a dissatisfaction with the court's rulings granting discovery motions, imposing sanctions and denying a preemptory challenge or continuing trial," she improperly struck the motion to disqualify herself.  The answer stated the Motion to Disqualify was based only on "beliefs, speculation, hearsay, and conclusory assertions. It provides no concrete facts or admissible evidence for the Courts disqualification."

A Statement of Disqualification is a request by a party for the judge to either consent to recusal or answer the accusations of bias.  If the judge does not recuse herself, SHE MUST ANSWER and explain how those facts do not make her appear biased.  Judge Knill has used an Order to Strike to get out of having to answer specific accusations. An order to Strike is only to be used when a litigant does not provide legal grounds for the complaint.  However, the Motion to disqualify does provide legal grounds, so Knill striking it, is fraudulent and has caused an obstruction of justice.

"Statutes governing disqualification for cause are intended to ensure public confidence in the judiciary and to protect the right of litigants to a fair and impartial adjudicator – not to safeguard an asserted right, privilege or preference of a judge to try or hear a particular dispute."  (Curle v. Superior Court (Gleason) (2001) 24 Cal.4th 1057, 103)

"Conduct which a judge undertakes in good faith, but which nevertheless would appear to an objective observer to be not only injudicious conduct but conduct prejudicial to public esteem for the judicial office." (Geiler v. Commission on Judicial Qualifications, supra, 10 Cal.3d at pp. 283-284.) Moreover, California Supreme Court went on to hold that the term "bad faith" was intended to connote that a judge had "intentionally committed acts which he knew or should have known were beyond his lawful power," engaging in a "pervasive course of conduct of overreaching his authority." (Geiler v. Commission on Judicial Qualifications, supra, 10 Cal.3d at p. 286.)

Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement for recusal, only the appearance of partiality. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988) (what

matters is not the reality of bias or prejudice but its appearance); United States v. Balistrieri, 779 F.2d 1191 (7th Cir. 1985) (Section 455(a) "is directed against the appearance of partiality, whether or not the judge is actually biased.") ("Section 455(a) of the Judicial Code, 28 U.S.C. §455(a), is not intended to protect litigants from actual bias in their judge but rather to promote public confidence in the impartiality of the judicial process.").

That Court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding in which her impartiality might reasonably be questioned." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989). In Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972), the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice." "Recusal under Section 455 is self-executing; a party need not file affidavits in support of recusal and the judge is obligated to recuse herself sua sponte under the stated circumstances." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989)

The Supreme Court has ruled and has reaffirmed the principle that "justice must satisfy the appearance of justice", Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954).  Further, the judge has a legal duty to disqualify himself even if there is no motion asking for his disqualification. The Seventh Circuit Court of Appeals further stated that "We think that this language [455(a)] imposes a duty on the judge to act sua sponte, even if no motion or affidavit is filed."

Judges do not have discretion not to disqualify themselves. By law, they are bound to follow the law. Should a judge not disqualify himself as required by law, then the judge has given another example of his "appearance of partiality" which, possibly, further disqualifies the judge. Should another judge not accept the disqualification of the judge, then the second judge has evidenced an "appearance of partiality" and has possibly disqualified himself/herself.

None of the orders issued by any judge who has been disqualified by law would appear to be valid. It would appear that they are void as a matter of law and are of no legal force or effect.  Should a judge not disqualify himself, then the judge is violation of the Due Process Clause of the U.S. Constitution. The right to a tribunal free from bias or prejudice is based on the Due Process Clause.

If the court does not follow the law as to non-represented litigants, then the judge has expressed an "appearance of partiality" and, under the law, it would seem that he/she has disqualified him/herself.

Federal law requires the automatic disqualification of a judge under certain circumstances.  In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." [Emphasis added]. Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994)

Judge Knill is vague in her Order Striking the Motion to Disqualify and does not address any specific facts moving party presented to show lack of impartiality.  She asserts that "most, if not all" of moving parties' contentions are based on "beliefs, speculation, hearsay, and conclusory assertions. It provides no concrete facts or admissible evidence for the Courts disqualification."

Notwithstanding the fact that is entirely false that the contentions by moving party are speculation, the law does not provide that a Statement of Disqualification can be stricken due to speculation or conjecture.  It can only be stricken if there are no legal grounds [CCP 170.4(b)].

The California Supreme Court has stated that the "Statutes governing disqualification for cause are intended to ensure public confidence in the judiciary and to protect the right of the litigants to a fair and impartial adjudicator." *Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1070.

The United States Supreme Court has stated that, it is "axiomatic that [a] fair trial in a fair tribunal is a basic requirement of due process." *Caperton v. A. T. Massey Coal Company*, (2009) 556 U.S. 868, 876. In *Caperton* the Supreme Court also stated that the due process clause of the federal Constitution (US Const amend XIV) can require judicial disqualification even in cases where the party requesting disqualification has not complied with any applicable state disqualification statutes, and that a showing of actual bias is not required for judicial disqualification under the due process clause.

"The Due Process Clause entitles a person to an impartial and disinterested tribunal..." *Marshall v. Jerrico, Inc.* (1980) 446 U.S. 238, 242; see also *Brown v. American Bicycle Group, LLC*, (2004) 224 Cal.App.4th 665, 674. Judges have a duty to make their decisions free from any bias or prejudice. *Cal Rules of Ct,* Standards of J Admin 10.20; Cal Rules of Ct, *Code of Judicial Ethics*, Canon 3B(5).

"(5) A judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, engage in speech, gestures, or other conduct that would reasonably be perceived as (1) bias or prejudice, including but not limited to bias or prejudice based upon race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, or (2) sexual harassment. "

Judge's also have a duty to require lawyers in proceedings before them to refrain from manifesting any bias or prejudice. *Code of Judicial Ethics*, Canon 3B(6).

"(6) A judge shall require lawyers in proceedings before the judge to refrain from manifesting, by words or conduct, bias or prejudice based upon race, sex, gender,  religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation against parties, witnesses,  counsel, or others."

Judges have a duty to allow every party to a legal proceeding the full right to be heard according to law.  *Code of Judicial Ethics*, Canon 3B(7).

"(7) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, full right to be heard according to law."

**C.    JUDGE KNILL HAS SHOWN COMPELLING EVIDENCE IN SUPPORT        OF  THEIR OBJECTION. THUS, DISQUALIFICATION IS REQUIRED IN THE INTERESTS OF JUSTICE**

In *DCH Health Servs. Corp. v Waite* (2002) 95 Cal.App. 4th 829, 833 a California Court of Appeal stated that recusal may be required on the basis of a mere appearance of impropriety.

Other cases decided by the California Courts of Appeal have stated that actual bias need not be present. *Roitz v Coldwell Banker Residential Brokerage Co*., (1998) 62 Cal.App.4th 716, 723.

If an average person could entertain doubt about the judge's impartiality, disqualification is mandated. *Catchpole v Brannon* (1995) 36 Cal.App. 4th 237, 246.

An appellate court will not speculate about whether the bias was actual or merely apparent; reversal is required in such a case, with remand of the matter to a different judge for a new hearing on all issues. *In re Wagner* (2005) 127 Cal.App 4th 138, 147–149; see also *Roitz v Coldwell Banker Residential Brokerage Co.*, supra, 62 Cal.App 4th at p. 723; *Catchpole v Brannon*, supra, 36 Cal.App. 4th at p. 247. One situation in which bias was found involved a judge who interrupted counsel and a litigant on several occasions. See *Dodds v Commission on Judicial Performance* (1995) 12 Cal.App. 4th 163, 176–177.

The numerous instances of bias by Judge Knill toward self-represented parties in this case provide ample justification for the disqualification of Judge Kimberly Knill.

When the judge has exhibited numerous instances of bias toward a party in the case, such that the average person might justifiably doubt whether the judge could be impartial, there is ample justification for disqualifying the judge. *Catchpole v Brannon*, supra, 36 Cal.App. A4th at p. 262.

## III.
## CONCLUSION

Defendant respectfully requests that Judge Kimberly A. Knill be disqualified from presiding over any further proceedings in this case on the grounds that the fact that Judge Kimberly A. Knill and their other actions as stated herein would clearly cause anyone aware of the facts to reasonably entertain a doubt that the judge would be able to be impartial.

Dated June 19, 2023



VERIFICATIONS

STATE OF CALIFORNIA, COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

CASE NO 30-2020-01174210-CU-PO-CJC

SMITH V. WOOLARD

I, Eric Woolard declare that I am a party to this action.

I have read the foregoing VERIFIED STATEMENT IN SUPPORT OF OBJECTION TO JUDGE KIMBERLY KNILL and all attachments thereto and know the contents thereof. I certify that the same is true of my own knowledge, except as to those matters which are therein stated upon my information and belief, and to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct Executed this 19th day of June 2023 at Tustin, California



I, Breonna Hall declare that I am a party to this action.

I have read the foregoing VERIFIED STATEMENT IN SUPPORT OF OBJECTION TO JUDGE KIMBERLY KNILL and all attachments thereto and know the contents thereof. I certify that the same is true of my own knowledge, except as to those matters which are therein stated upon my information and belief, and to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed this 19th day of June 2023 at Tustin, California.

- 14 -

VERIFIED STATEMENT IN SUPPORT OF OBJECTION TO JUDGE KIMBERLY A. KNILL

Exhibit A

Breonna Hall
Eric Woolard
14400 Newport Ave. #18
Tustin, CA, 92780
949-648-6606
remcompanyeric@gmail.com
w.ebro@hotmail.com
IN PRO PER

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

ERIC SMITH, STACY THORNE,                    Case No.: 30-2020-01174210-CU-PO-CJC

        Plaintiff,

vs.                                          MOTION TO DISQUALIFY JUDGE

ERIC WOOLARD, BREONNA HALL, TERRY
EUNSON, PETER EUNSON, REGENT
COMMUNITY SERVICES INC.

        Defendant

      And related Cross-Complaint.

      Cross-complainants Eric Woolard, and Breonna Hall (Collectively as "CROSS-

COMPLAINANTS") respectfully requests Judicial Officer Kimberly Knill, be disqualified under California

Code of Civil Procedure (CCP) Section 170.1(a)(6)(C) "For any reason . . . a person aware of the facts might

reasonably entertain a doubt that the judge would be able to be impartial," Cross-complainants believes that

any reasonable person aware of the facts and circumstances would believe that Honorable Judge Kimberly

Knill is biased and prejudiced, has ignored the laws, and failed to ensure constitutional rights of impartiality

and due process rights.

      The integrity of our judicial system rests, in large part, upon the assumption that judges

will regard the matters set before them with impartiality. The United States Constitution contains various

safeguards to ensure that, where a judge is unable to regard a particular matter impartially, that judge shall be

removed from considering the case.

MOTION TO DISQUALIFY JUDGE - 1

The standard for disqualification provided in Code of Civ. Proc., 170.1 (a)(6)(c), providing for disqualification for bias and prejudice is fundamentally an objective one. It represents a legislative judgement that, due to the sensitivity of the question and inherent difficulties of proof, as well as the importance of public confidence in the judicial system, the issue is not limited to the existence of an actual bias. Rather, if a reasonable person would entertain the doubts concerning the judges' impartiality, disqualification is mandated. To ensure that proceedings appear to the public to be impartial and hence worthy of their confidence in the judicial system, the issue is not limited to the existence of an actual bias. Rather, if a reasonable person would entertain doubts concerning the judge's impartiality, disqualification is mandated. To Ensure that proceedings appear to the public to be impartial and hence worthy of their confidence, the situation must be viewed through the eyes of the objective person. This standard indicates the decision is not based on the judge's personal view of his own impartiality, and also suggests that the litigants' necessarily partisan views do not provide the applicable frame of reference. Rather, the judge should consider how his or her participation in a given case looks to the average person on the street.

"State courts like federal courts have a constitutional obligation to safeguard personal liberties and to uphold federal law." see RI Supreme Court article VI and Canons 1, 2, and 3.B.6. The above-mentioned judge has in the past deliberately violated the litigants' personal liberties and has wantonly refused to provide due process and equal protections to all litigants before the court and has behaved in a manner inconsistent with that which us needed for full, fair, impartial hearings.

The United States Constitution guarantees an unbiased judge who will always provide litigants with full protection of ALL RIGHTS. Therefore, petitioner's, respectfully demand said judge recuse herself and or the Court recuse, disqualify, the judge in in light of the evidence attached and Declaration of petitioner Woolard, and Hall detailing prior unethical and illegal conduct or conduct which give petitioners a good reason to believe the above Judge cannot and will not hear the above case in a fair and impartial manner in any hearing or especially at trial which is scheduled for July 28th, 2023.

Date: June 2, 2023

By:_____

_____

MOTION TO DISQUALIFY JUDGE  - 2

MEMORANDUM OF POINTS AND AUTHORITIES

I.      IiNTRODUCTION

Judicial officer Kimberly Knill was reassigned to this case [docket # 322] and has been active on this case since January 9th 2023, and her participation is ongoing, Cross-complainant, Eric Woolard, filed a 170.6 peremptory challenge, requesting she recuse herself[docket # 363] on or around January 17th, which was denied in chambers on 01/17/23[docket #365]. It has become apparent that she is biased, even ignoring the las and changing decisions to benefit the Plaintiffs, and their counsel, who are BAR attorneys, she cannot be objective in her decisions. Cross-complainants requests that a new Judicial Officer be assigned from outside of this Judicial Officers influence.

Cross-complainant Eric Woolard wrote a letter to Judicial Officer Kimberly Knill and read it to her in Court on May 12, 2023 requesting she voluntarily recuse herself from the case, a true and correct copy of that letter is attached as Exhibit A. A fee waiver is on file for cross-complainants and a court reporter was requested for that hearing, however there was not one in court that day, nor the 3 previous hearings which one was requested for the 3 previous hearings. At the 5/12/23 hearing Honorable Judge Knill, denied the recusal request, as untimely. In addition to denying the request for her recusal Honorable Judge Kimberly Knill, proceeded to sanction both Cross-complainants a total of 1,700.00 dollars each, to be paid within 30 days of the hearing. This was not the first time Honorable Knill, has unreasonably awarded unjust sanctions. Cross-complainants, have followed the letter and intent of the law while the California Bar attorneys are being allowed to violate the wording and intent of the same laws.

II.      STATEMENT OF FACTS

MOTION TO DISQUALIFY JUDGE  - 3

The extent of Hon. Judge Kimberly Knills bias occurs during almost, if not at every hearing, and are listed as follows:

# 1 the first incident, ex parte hearing for a motion compel Cross-complainant Breonna Hall,

January 12, 2023 at 1:30 PM [docket #334]

Dept. C17

Attendees Judicial Officer Kimberly Knill, Kevin Jolly Counsel for Plaintiffs Eric Smith, and Stacy Thorne, Peter Martin Counsel for Cross-defendants Regent Real Estate and Greenhouse Community Association, Kelly Danker Counsel for Terry Eunson and Peter Eunson, and Defendants and Cross Complainants Eric Woolard and Breonna Hall

Hearing for a motion to compel Breonna Hall to provide responses to Special Interrogatories set one Requests for production set one and Sanctions in the amount of 2,300 dollars payable to Jolly Berry Law. The circumstances of this hearing is that Defendant and cross-complainant was being compelled to respond to discovery requests, which were propounded on December 4th, 2022 days after having notified all parties of the delivery of her and Eric Woolard's child having just been born, and requesting the month to recover and respond to discovery requests, due to complications form the delivery with herself and their baby. Mr. Jolly, Counsel for plaintiffs denied the request, and upon the expiration of the 30 days which hall had erroneously wrote down the wrong date for which they were due, Ms. Hall requested additional time to respond to and offered mr jolly a informal resolution to the discovery requests, offering to provide mr jolly the discovery the following day on a flash drive delivered to his office, which would be verified as soon as Hall could respond, explaining she had been working on the discovery was almost done and would have the written responses and verifications sent over as soon as she was finished, the e-mail was ignored by Mr. Jolly.

Hall explained the foregoing to The Court at the hearing in which Hon. Judge Knill stated, "congratulations on your new baby, however having a baby is not an excuse to not respond to discovery…As Self represented parties you are required to follow the same rules as Attorneys and will be held to the same standards as attorneys…you can expect the same treatment in the future" She then awarded the sanctions in the amount of 2,300.00, dollars be paid to Jolly Berry Law within 10 days. At that time Mr, Woolard responded "that's not going to happen." Hon. Knill responded by threatening to hold Hall in contempt of court if the sanctions were not paid within 10 days. Cross-complainants immediately informed the court of

MOTION TO DISQUALIFY JUDGE - 4

the inability to pay the sanctions ordered and stated that cross-complainants, asked for an extension but the extension was denied, explaining the sanctions could not be ordered when a request for an extension of time was requested and denied. Hon. Knill clearly had an immediate bias presented against cross-complainants, and intended to hold them to pay sanctions, she was aware they were unable to pay which is unjust. Her refusal to acknowledge the fact that sanctions should not have been awarded on the basis that extension was requested and denied shows her impartiality and inability to properly issue fair orders, for the interest of justice, [ or otherwise proves her, incompetence, for a lack of better words]. A true and correct copy of the order from 01/12/23 is attached hereto as "Exhibit B"

#2 Ex parte hearing filed by Cross-defendants Greenhouse and Regent to extend the trial date [docket #359]

Date: 01/17/2023

Attendees: Attendees Judicial Officer Kimberly Knill, Kevin Jolly Counsel for Plaintiffs Eric Smith, and Stacy Thorne, Peter Martin Counsel for Cross-defendants Regent Real Estate and Greenhouse Community Association, Chris Kerr Counsel for Terry Eunson and Peter Eunson, and Defendants and Cross Complainants Eric Woolard and Breonna Hall

During this hearing Counsel for Greenhouse and Regent requested that the trial date be extended to a further time. Cross-complainants opposed the ex parte request. Cross-complainants opposed the extension of the trial date, explaining the fact that this pending matter has been and will continue to ruin the quality of their life, explaining how it has been negatively impacting not only their lives but also their children's lives, explaining that this has making their son fall behind in school, having to deal with this, as well s it has been severely increasing stress in their lives, and their ability to function on a daily basis. Judge knill mentioned the numerous discovery motions on calendar that were pending and explained that this was not normal for most cases and the fact that they were on calendar were a reason alone to extend the trial date. Mr jolly interrupted mr Woolard as he was speaking and began arguing that this was his fault they were on calendar and explained that the trial date needed to be extended because of mr Woolard. Mr Woolard explained that the discovery motion was on calendar because of the false misrepresentations he was bringing to the court, were not truthful or justified and that the motions were made in bad faith in attempt to get terminating sanctions granted against himself. Hon Judge Knill, allowed Mr. jolly to interrupt Mr. Woolard and did not even

MOTION TO DISQUALIFY JUDGE  - 5

acknowledge his misrepresentations, she offered to conduct mr Woolard's depositions in court so she could rule on any objections. Mr jolly denied the request (because it was unnecessary to his accusations) and ?Mr Woolard and Ms. Hall both requested the Court hold the pending depositions in the court room. Hon. Judge knill responded that, that was an offer made to counsel and it was his decision. During that hearing she also offered to counsel a discovery motion she would assign on the courts "Own motion" which was also denied by mr Jolly, when again Both Hall and Woolard requested the court assign a discovery referee on the courts own motion she responded by stating they could "fill out the paperwork themselves" if they wanted her to make a ruling on that. Any reasonable person would believe that there is a clear and convincing presence of bias, and that her ability to remain impartial is not present in this case.

#3 Motion to recuse Hon. Judge Kimberly Knill

Date: January 17th,2023

Hearing vacated in chambers

As the title speaks for itself Hon. Judge Knill, vacated the hearing requesting herself to be recused explaining it was untimely. A true and correct copy of that order is attached hereto as "Exhibit C"

#4 exparte motion filed by Breonna Hall to vacate the sanctions ordered on Jan. 12. 2023

Date:  January 26, 2023 [docket #380]

No parties in attendance, hearing vacated chambers work

Hon. Judge Knill, vacated the exparte hearing to request to the sanctions be vacated on the grounds that Hall could not afford the sanctions ordered on Jan 12th, and they were not justified. Hon. Knill vacated the exparte hearing without hearing oral arguments, on the ground that there were no new arguments added into the "reconsideration request" despite Hall having included the reasons for the her inability to pay the sanctions being she was receiving government assistance and was behind her rental payments for two month and having difficulties financially being able to afford her rent payments, and has four children which her and Woolard were severely struggling to maintain their monthly bills, which although this was mentioned during the hearing it was not explained the factual reasons not being able to pay the sanctions and why the sanctions awarded were unjust. The sanctions ordered were not justified as discovery sanctions to be awarded are

MOTION TO DISQUALIFY JUDGE  - 6

intended "not to provide a weapon for punishment" but rather to "Prevent abuse of the discovery process and correct the problem Kluwer U.S., Inc. (2007) 73 Cal.App.4th 285. Which as stated during the hearing on 1/12/23 hall had been working on the discovery requests and had turned them in 5 days after the hearing sanctions were not justified because there was not action that needed to be deterred, or rectified, with the additional time that was granted. Moreover, constitutional due process requires that sanction awards go no further than necessary to accomplish the purpose of discovery." (Newland V Superior Court (1995) 46 Cal.App.4th 1542, 155. The court made vividly clear, in a more recent case, "sanctions should be reserved for serious violations of the standard of practice, not used as a bullying tactic." (Kim V. Westmoore Partners, Inc. (2011) 201 Cal.App.4th 267, 293.)\ any reasonable person overseeing the judicial conduct in this case, would see the Judges decisions as biased and partial.

More examples as follows;

The next hearing in front of Hon. Judge Knill , was for a motion to compel Eric Woolard for special interrogatory set two, which the court denied its request, along with the sanctions However, during oral argument, Kevin jolly untruthfully stated he had received no responses from Woolard, When Woolard asked to speak after Kevin jolly was finished, Hon. Judge Knill stated "what more could you have to offer this hearing you just won the motion. "Reluctantly, Woolard informed the court of Kevin Jolly receiving a response and then an amended response, following his meet and confer, requesting a further response, which Woolard further explained to have having both proof of services and e - mails to confirm this untruthful statement he represented to the court, which the court refused to acknowledge, concluding the hearing. This

After filing a complaint against Hon. Judge Knills, courtroom regarding the bias treatment and a 12 page opposition to a motion for contempt against Breonna Hall filed by counsel for plainttiffs Kevin Jolly , did Hon. Judge Knill then reverse the order sanctioning Hall at the ex pare hearing on January 12,2023 , which violated constitutional rights of due process.

Sometime in February or March after the complaint was made against Hon Judge Knill, she requested all parties to submit briefs, on whether or not they would agree to stipulate to a discovery referee, staying all pending discovery motions on calendar.

MOTION TO DISQUALIFY JUDGE - 7

All parties submitted their briefs, including Christopher Kerr, who represents Defendants Terry and Peter Eunson. He respectfully, agreed to the discovery referee in his brief stating "To bring some order" to this discovery process and also stated plaintiffs counsel was attempting to set up terminating sanctions, which has also been stated by cross-complainants multiple times in their motions or oppositions to the court numerous times throughout this process. Hon Judge knill ultimately denied the discovery referee on the basis that Counsel for Plaintiffs, Kevin Jolly stated his client's could not afford a discovery referee, reversing its decision to assign a discovery referee, and leaving herself to oversee each discovery motion pending on the courts calendar.

In March 2023, After staying all pending discovery motions, Hon. Judge knill lifted the stay in a minute order and informed all parties "ALL MOTIONS ARE FULLY BRIFEED. No additional filings would be excepted without leave from the court." When Woolard sought leave, to file an opposition to Special interrogatory set three, filed by Plaintiffs and requested sanctions in the amount of 1,200.00 dollars payable to Kevin jolly, Hon. Judge knill denied his opposition in chambers, as being untimely, vacating the ex parte hearing.

The Court explained Woolard had plenty of time to file this already, and further denied his opposition because he did not explain why it hadn't been filed sooner. Woolard refiled shortly after explaining the courts error, representing all motions had been fully briefed and that his motion was not untimely, as the hearing was not scheduled for almost a month out. The court again ruled in chambers, vacating Woolard's hearing in addition to denying the timely filing of this opposition, stating this time, Woolard had not included these facts the first time he filed this exparte, and stated he was wasting judicial time, with the refiling of this request to oppose the discovery motion.

The court has expressed the frustration dealing with these numerous discovery motions advising Woolard and Hall, to retain counsel, when they're the only one party providing discovery, without objections, giving more then what is even being asked, it was explained numerous time. Kevin jolly has been abusing this discovery process, and was continuing to lie to the court.

In Kevin Jolly's most recent declaration to the court, swearing under penalty of perjury, he stated I called him a child molester, which was not true, and further not even relevant to this case, as the comment

MOTION TO DISQUALIFY JUDGE  - 8

was referring to his client. Mr. Jolly, stated Woolard refused to comply with the courts order to meet and confer telephonically,

During the most recent hearing on May 12, 2023, Cross-complainant Woolard went to the Court and read a letter [the attached "Exhibit A"] to the Court, in front of Hone. Judge Kimberly knill requesting she voluntarily recuse herself, which she denied as "untimely." During that hearing Hon. Judge Knill sanctioned both Cross-complainants Hall and Woolard each 1,700.00 dollars.

In February or March of this year Hon. Judge Knill requested that both Hall and Woolard update their fee waivers on file as the ones on file were "Stale" and upon doing so she has knowledge of their financial inability to pay any sanctions, and is further clearly aware, that's any sanctions would be unjust. While it may be well known that sanctions are not to punish litigants but to deter sanctionable conduct and misuse or abuse of the discovery process, Code of Civ. Proc section 2023.030(a) states " The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct. The court may also impose this sanction on one unsuccessfully asserting that another has engaged in the misuse of the discovery process, or on any attorney who advised that assertion, or on both. *If a monetary sanction is authorized by any provision of this title, the court shall impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust*."

Hon,. Judge Knill awarded sanctions on the unopposed motion to compel, which the motion was timely filed, and were requesting protected information and violated privacy rights of third parties, not related to this action. Furthermore, Judge Knill, sanctioned Cross-complainants, for allegedly not participating in a good faith effort, to meet and confer in the meet and confer process, despite oral argument which rebutted Plaintiffs Counsels argument which they informed the court that they had attempted to meet and confer with Mr. Jolly on more than one occasion, and explained that they attempted to record the conversation via phone, [as ordered by Judge Knill] to protect themselves, from further untruthful statements wrongfully accusing them of whatever allegations he decided to make up, in effort to avoid further having to defend themselves from his untruthful statements made to the court. Judge knills unjustifiably awarded sanctions payable to Kevin jolly, for the motion filed to compel mr Woolard's response to protected

MOTION TO DISQUALIFY JUDGE  - 9

information. And, awarded sanctions payable to Kevin Jolly, from Breonna Hall for a motion to compel her deposition which counsel incessantly lied about throughout his motion. During the hearing hall informed the court she had intended to file a protective order in light of the deposition which she suspended due to the conduct by Mr Jolly, as well as she stated that she had been trying to work things out with opposing counsel who initially called the deposition to begin with judge knills supposedly took the oral arguments into consideration, and still awarded mr jolly [who she's shown an extreme favoritism for in this case] sanctions, she knew cross-complainants are unable to pay.

Cross-complainants requested an exparte motion to reconsider this order, however erroneously titled the document itself wrong, and did not title it "ex parte" but still included it in the motion itself, with the correct date, which she vacated and denied the motion because the title was improper.

### III.    LEGAL ARGUMENT

Any party may challenge a judge for cause by filing a written verified statement with the clerks office objecting to the hearing or trial before the judge and setting forth the facts constituting the basis for disqualification. CCP 170.3(C)(1),Copies of that statement must be served on all parties or on any of their attorneys of who have appeared. CCP 170.3 (C)(1) : see McCartney v Superior Court (1990) 223 CA3d 1334\, 1340, 273 cr CR 250 (Statements in reply to opposition to disqualification statement does not satisfy notice requirements of CCP 170.3) A copy must be personally served on that judge who is alleged to be disqualified, or his or her courtroom clerk, provided that the judge is present in the courthouse or in chambers. See CCP 170.3 (c)(1).

At this time Cross-complainants believe that Judge Knills has presented a reasonable belief revealing bias and that the conduct she has displayed should disqualify her. Cross-complainants argue that the specific acts outlined reveal a biased and prejudiced mindset, including a willingness to slant the laws in favor of the attorneys of the Bar of the State Of California and or well financed litigants. Judge knill has on more than one occasion told Cross-complainants they should hire legal counsel, despite her knowledge of their inability to afford an attorney, further telling cross-complainants, that the offers she's made was only made to counsel shows willingness to favor attorneys, and reveals a prejudiced mindset., and showed bias, that may be clearly discerned by any reasonable person who has knowledge of the facts and the law.

MOTION TO DISQUALIFY JUDGE  - 10

Furthermore Judge Knill has in the past deliberately violated Cross-complainants personal liberties, and has behaved in a manner inconsistent with that which is needed for full, fair and impartial hearings.

Judge knill is aware that material issues of fact and controversary remain. Judge knill is aware that Plaintiffs counsel Kevin Jolly has committed fraud upon the Court by repeatedly stating false facts to the court, and misrepresenting Cross-complainants as abusing the discovery process, [when they were not] swearing under penalty of perjury these things that were not true, in his declarations, and during oral arguments. This information was brought to the courts attention numerous times, during oral arguments, as well as in written motions, which would possibly make the judge an accomplice to the perjury which Kevin Jolly committed which therefore disqualifies her form presiding over this remaining hearings and case for trial.

Instead of addressing this fraudulent, unethical behavior Judge Knill chose to ignore it and allowed it to be submitted into the courts record, allowing false and fraudulent 'evidence' with her series of illegal and incompetent rulings.

In addition to allowing and accepting the perjury committed, Judge knill has also, knowingly misinformed Cross-complainants of the law stating in its tentative ruling on 5/12/23 that recording Mr Jolly was illegal, despite having known he was notified he was being recorded a true and correct copy of the tentative is attached hereto as "exhibit D". Penal code 632 states that "a person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500) per violation, or imprisonment in a county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment." Pc 632 (c)states " For the purposes of this section, "confidential communication" means any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering or in any legislative, judicial, executive, or administrative proceeding open to the public, or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded."   "…BUT EXCLUDES A COMMUNICATION MADE IS

MOTION TO DISQUALIFY JUDGE - 11

IN A PUBLIC GATHERING, OR IN ANY JUDICIAL EXECTUTIVE, OR ADMINISTRATIVE PROCEEDING OPEN TO THE PUBLIC, OR IN ANY OTHER CRICUMSTANCE IN WHICH THE PARTIES TO THE COMMUNICATION MAY REASONABLY EXPECT THAT THE COMMUNICATION MAY BE OVERHEARD OR RECORDED." Therefor it can reasonably be argued that having notified Kevin Jolly that he was being recorded he had no reasonable expectation of privacy, thus the information that Judge knill provided was false and misleading. This alone would show any reasonable person that Judge Knill is providing purposely false and misleading facts of the law, or that she is incompetent to provide legal advice or inform people adequately of the laws. However, when taking into consideration, that on more then one occasion Cross-complainants have had to inform Judge Knill, of due process rights, that she is incompetent of enforcing the laws, or choose to purposely mislead the Self-represented litigants with possibly hopes they do not know the law or will not find out her incompetence or willful blatant refusal and/or disregard of the law and to enforce all parties get a fair impartial hearing. Judicial Canon of ethics, a judge shall not practice law, and Canon 2 A. Promoting Public Confidence, A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. The orders shown in Exhibit A, B, C, D are clear indications her behavior does not promote public confidence.

Canon 3 B. A judge shall be faithful to the law "regardless or partisan interests, public clamor, or fear of criticism, and shall maintain professional competence in the law. The constitution provides clear rights to due process, and ensures every litigant should receive a fair and impartial trial. Judge Knills, inability to enforce this due process right protected by the constitution. Judge knills knew or should have known that ADEQUATE NOTICE PRIOR TO THE IMPOSITION OF SANCTIONS IS MANDATED NOT ONLY BY STATUE, BUT ALSO BY THE DUE PROCESS CLAUSES OF BOTH THE STATE AND FEDERAL CONSTITUTIONS. (Alliance Bank v. Murray (1984) 161 Cal. App. 3d, 1, 6.) SANCTIONS MUST BE REQUESTED THROUGH A NOTICED MOTION,. DISCOVERY SANCTIONS MAY NOT BE ORDERED EX PARTE, AND AN ORDER TO DO SO IS VOID. (Sole Energy Co. V.s Hodges (2005) 128 Cal. App.4th 199., 208.) when a discovery statue such as Code of Civ. Proc. 2023.030 requires a notice and opportunity to be heard before the imposition of sanctions, the statue requires a written notice served in accordance with the timeframe set out in Code of Civ. Proc. 1005. The law is clear as outlined in Code of Civ

MOTION TO DISQUALIFY JUDGE - 12

Proc. 1005, Judge Knill should have been aware of the time frame specified in CCP 1005. Her awarding sanctions on ex parte as shown in Exhibit B should have been clear enough for her deny the sanctions. Although her correction of this alleged "mistake" does not show a Prescence of unbiased, as her conduct has remained the same as it did that day, when she threatened Cross-complainants "could expect more treatment like this in the future" after threatening to hold Hall in contempt if the sanctions were not paid.

Canon 3 C. Administrative Responsibilities section (1) A judge shall diligently discharge the judges administrative responsibilities impartially, on the basis of merit, without bias or prejudice free of conflicts of interest and in a manner that promote the public confidence in the integrity of the judiciary. A judge shall not, in the performance of administrative duties, engage in speech, gestures, or other conduct that would reasonably be perceived as (i) bias or prejudice, including but not limited to bias or prejudice based upon race, sex, gender, religion, national origin, ethnicity, disability, age , sexual orientation, martial statues or socioeconomic status, or political affiliation, or (ii) sexual harassment. The crafters of this document including the phrase "including but not limited to when describing the types if discriminatory behavior. When Judge Knill exclaimed that Cross-complainants could expect more treatment like this in the future she took pleasure in threatening having the authority to hold cross-complainants in contempt of court if they could not financially afford to pay the sanctions she ordered explaining that self represented litigants were held to the same standard as attorneys, she violated the canon both with her speech and gesture. She has aggressively been quick to point out that Cross-complainants will be held to the same standards, however she doesn't hold standards for attorneys, she allows them to interrupt self represented parties, she allows the attorneys to have ex parte hearings heard without being vacated, she allows perjury and false misrepresentation's be presented to the court, and introduced as facts, and she treats bar attorneys with a more pleasant demeanor altogether, and all around. Judge Knills constant reminder that cross-complainants need to find an attorney are also not just embarrassing but insulting as cross-complainants do not need to be reminded they would be" better off "with an attorney, however explaining that they can not afford an attorney each time it is mentioned is extremely embarrassing.

It is well stated in CCP 170.(1) (a)(6)(c) a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial, bias or prejudice towards a lawyer in the proceedings may be

MOTION TO DISQUALIFY JUDGE - 13

grounds for disqualification, the previous corresponding statue—170, subdivision (a)(5)—which was repealed in 1984, had been construed to require bias in fact, with the enactment of sct 170.1., however a party seeking to disqualify a California Judge for cause was no longer required to prove that the judge was actually biased. The test to be applied in evaluating recusal and disqualification of judges was clearly stated many years ago in Berger V. United States (1921) 255 U.S. 22. Does the declaration of prejudice give fair support to the charge of a bent of mind that may prevent or impede the impartiality of judgement, (225 U.S.) in the case United Farm Workers of America v. Superior Court (1985, 4th Dist) 170 Cal. App.3d 97,216 Cal. Rptr 4. Code of Civ. Proc. 170.1 subd (1)(6)(c) judge disqualified if person aware of fact might reasonably entertain doubt that the judge would be impartial, makes the disqualification standard fundamentally an objective one, It represents a legislative judgement that due to the sensitivity of the questions and inherent difficulties of proof as well as the importance of public confidence in the judicial system, the issues is not limited to the existence of an actual bias, rather if a reasonable man or woman would entertain doubts concerning the judges impartiality disqualification is mandated.

Judge has the duty to be impartial, Judges have a duty to make their decision free from an bias or prejudice. Cal. Rules of Ct., Standars of J. Admin, 10.20; Cal Rules of Ct., Code of judicial ethics Canon 3b(5). Because of this obligation, Judges must disqualify themselves in proceedings in which their disqualification is required by law (see CCP 170.1 (a); discussion in CCP 211-2.19) or in which their impartiality might reasonably be questioned.

In prior instances Judge knills has provided information to attorneys, specifically Kevin Jolly, when he asked what else could be filed to address the motion for contempt against Hall, since all discovery motions were stayed at the time, Hon Judge knill stated the only thing she could think on the fly was that he could file a motion to reconsider the staying of that particular motion which is exactly what she did. Despite having her deny the motion eventually when it was heard ex parte, Hon. Judge still provided Kevin Jolly with options as to what he could file to have her hear the matter he wanted, when Judge Knill, has previously advised Cross-complainants she could not give them legal advice, when they were not even asking for legal advice. She appears to be helping the opposing side because she must not want to see a lawyer lose a case to a self represented litigant, for fear that possibly others will try to succeed in her courtroom, as well. This is clear and convincing when you take into consideration that not just cross-
MOTION TO DISQUALIFY JUDGE - 14

complainants, but other attorneys in this case, has advised The court, during oral arguments, and/or written motions that the opposing side is seeking an order granting terminating sanctions. Because of the overwhelming amount of evidence provided by cross-complainants against the Plaintiffs. Which puts Kevin Jolly, Judge knills favorite person in this action at a disadvantage, so at the last hearing she threatened terminating sanctions if the orders were not complied with, which included paying 1,700.00 dollars each to the court and Counsel Jolly, unreasonably, and because she knows that Cross-complainants can not even afford to pay half, of those fees even if it were just ordered to one of them, let alone twice as many as if it were ordered against just one of them. the threat is not taken lightly considering the fact, that Judge knill has showed extreme disfavor towards cross-complainants and has been abusing her discretion ordering sanctions that are not just and do not comply with code of civ. Proc.

As stated in CCP (170.1(a)(6)(c) a person aware of the facts might reasonably entertain a doubt the judge would be bale to be impartial, bias or prejudice towards a lawyer in the proceeding may be grounds for disqualification. The reason for the objective standard of proof is the difficulty showing that a judge is biased unless so the judge admits. In addition public perceptions of justice are not furthered when a judge who is reasonably thought to be biased in a matters that hears the case. [emphasis added] "cathpolve v. Brannon (1995) 1st Dist. 26 Cal.App 4th 237, 42 CalRptr. 2d 440.

The 170.6 was filed within days of the first hearing presented in front of Judge Knill at the Cross-complainants first opportunity they had. "the statement may be timely even if filed after the judge has made one or more rulings in the case. "see CCP 170.3 (b)(4), 170. 4(c); Church of Scientology v Wollershiem (1996) 42 CA4th 628, 655-656, 29 Cr2d 620, disapproved on other grounds in 29 c4th 53, 68 n5: Urias v Harris Farms, Inc., (1991) 234 Ca3d 415, 419,285 CR 659 statement of disqualification was timely after judge granted motion for summary judgement because litigant did not learn of grounds for disqualification until then. See 2.33 for discussion of validity of judges ruling after Judge has been disqualified. However, even when the basis for disqualification is known early on, the statement need not be presented until the assignment is entirely certain. See Hollignsworth v Superior Court (1987) 191 Ca3d 22, 27, 246 CR 193 filing statement of disqualification in advance would be superfluous and might even be insolent and offensive.

MOTION TO DISQUALIFY JUDGE  - 15

Cross-complainants filed a preemptory challenge 170.6 which was denied as untimely, with no hope left they thought they were unable to remove the judge from the case, as it was ordered untimely, and plaintiffs counsel Kevin jolly stated "judge knill is our judge get used to it" after months of appearing in front of judge knill and feeling as though there is no chance she will be removed, cross-complainants began looking up how to remove judge knill from their case, spending weeks trying to find a legal and factual basis for her recusal. However have been intimidated in the event that it be denied, they have been afraid of judge knill retaliating and becoming even more unfair and partial, favoring plaintiffs counsel even more, and possibly ordering even harsher rulings and possibly granting terminating sanctions against them. As there was already an attempt to intimidate Cross-complainants during the mandatory settlement conference which judge knill ordered in march or April of 2023, which the temporary judge assigned by Judge knill, reached out to prior deputy district attorney Mark Geller, who requested he contact us, with the intent to intimidate cross-complainants, explaining they had a right to exercise their constitutional rights to not incriminate themselves, and then explained that their was a possibility the district attorneys office would file attempted murder charges and reopen the dismissed criminal charges which were in relation to the same circumstances of this same action. So the intimidation and fear of retaltion has weighed heavy on Cross-complainatns, as well as their uncertainty that this motion would be heard by another judge and not just automatically denied by judge knill herself, again.

After a very exhausting search Cross-complainants decided to respectfully request Judge Knill recuse herself, hopeful she would recuse herself for the better interest of justice, the first attempt was in April of 2023, however, when Woolard arrived at court that day he was notified there was a temporary judge on the bench for Department c17 and would have to wait until the next hearing to do so.

The numerous upcoming hearings were scheduled on the court calendar were vacated and the may 12th hearing was the first opportunity Woolard had to read his letter to judge knill.  however when that failed, because Judge knill failed to recuse herself, again stating the request was untimely, Cross-complainants attempted to file a motion to reconsider, but accidentally filed the document with the wrong title which did not state ex parte application although it did state it in its moving papers, judge knill vacated the hearing and the motion was denied based on the reason that "no application was provided or filed with the court." This is the first opportunity Cross-complainants have had to file this motion, after researching the

MOTION TO DISQUALIFY JUDGE  - 16

grounds for disqualifying Judge Knill and typing up this motion after learning the Motion could be filed in the clerk office, and this motion could be requested, to be heard or overseen by another judge if Judge knill refuses to recuse herself within 10 days. Upon learning this information Cross-complainants immediately typed up this motion in hopes for this case to be overseen by a neutral judge, who is not under her supervision.

CONCLUSION

Judge Kimberly Knill has shown extreme prejudice and bias in this case. Judge Knill has in the past deliberately violated personal liberties and has wantonly refused to provide due process and equal protection to all litigants before the court and has behaved in a manner inconsistent with that which is needed, for a full, fair, impartial hearings. Respectfully Eric Woolard and Breonna Hall request Judge Knill be recused and or disqualified.

WHEREFORE PETINOERS ERIC WOOLARD AND BREONNA HALL respectfully requests that Judge Knill be disqualified from this case and have another judicial officer reassigned to this case.

Respectfully submitted, by the undersigned parties In Pro Per

I, Eric Woolard, declare under penalty of perjury, under the laws of The State of California, the foregoing is true and correct to the best of my ability, executed on this 2nd day of June, in Orange County California.

_____

Eric Woolard, In Pro Per

I, Breonna Hall, declare under penalty of perjury, under the laws of The State of California, the foregoing is true and correct to the best of my ability, executed on this 2nd day of June, in Orange County California.

_____

Breonna Hall, In Pro Per

MOTION TO DISQUALIFY JUDGE  - 17

EXHIBIT A

Case 8:25-cv-02018-VBF-PD   Document 1   Filed 09/09/25   Page 64 of 90   Page ID #:64

Good morning your honor ( 😊)

MY NAME IS ERIC WOOLARD. Addressed as Defendant Woolard by Kevin Jolly. I've appeared for both criminal and civil hearings in the Central Justice Center, approaching about 4 years now, hand in hand with the mother of my 4 beautiful children. We have had the pleasure of standing in front of nearly 20 different Judges serving in this courthouse.

All judges have been kind, respectful, patient, and understanding. None of these judges have been rude, impatient, or violated our due process rights. That abruptly came to an end the very first time we stood before you in this Court room. That day Breonna had her constitutional right to due process, trampled on, by the way of being sanctioned 2,000 dollars at an ex-parte hearing, and being told congratulations on your new baby, however having a baby is not an excuse, for not responding to discovery, which was propounded days after I had informed all parties of her having delivered our baby and sent out a notice of unavailability, which kevin denied her an extension for additional time to respond to the discovery. I informed the court that we were not going to pay these fines and the court then informed us that we can expect more of this same treatment in the future and threatened contempt if we failed to if we failed to comply within 10 days. Respectfully, we felt that this was not in any way "nice," as outlined in the rules of this courtroom.

Knowing how improper the exparte sanctions were, we filed a motion to recuse you from the case, which you denied in chambers as untimely. we then filed an ex parte motion for the court to reconsider its order, granting the sanctions ex parte, which was then vacated, and denied in chambers, not worthy of a hearing.

Defendants Greenhouse and Regent filed an exparte request to extend the trial date, which we objected to, and the court granted. The court then offered Kevin Jolly to on it own motion order a discovery referee, which he refused, and offered to hold my deposition in the courtroom so you could oversee it, he refused to accept that offer as well, which me and Breonna both separately requested a discovery referee and to have the deposition conducted in front of you due to the treatment we were receiving, the court then told us to "file the correct the paperwork," denying us these offers that were made to kevin jolly. We mentioned the fact you just offered it to kevin jolly and you stated that it was an offer for counsel.

The next hearing in front of you, was for a motion to compel me for special interrogatory set two, which the court denied its request, along with the sanctions. During oral argument, kevin jolly untruthfully stated he had received no response from me, I asked to speak after kevin jolly was finished, and was asked "what more could you have to offer this hearing you just won the motion." Reluctantly, I informed the court of Kevin Jolly receiving a response and then an amended response, following his meet and confer, requesting a further response, I had both proof of services and e-mails to confirm this untruthful statement he represented to the court, which the court refused to acknowledge, concluding the hearing. His most recent declaration sworn under penalty of perjury, continues to represent this lie, the court refused to address, the first time it was made.

We literally lost nights of sleep, specifically due to this improper order of sanctions, not to mention the power it gave kevin jolly to further harass us and treat us like trash, mock us for being on welfare, send e-mails to all parties which he explained he was not impressed by me, then calling me a failure as a human being, and accusing me of having the mental capacity of a 5 year old, along with threatening numerous time to file a motion for contempt. Only after filing a complaint against this courtroom regarding the bias treatment, did you then reverse the order sanctioning us ex parte, which violated our constitutional rights of due process.

After staying all pending discovery motions, when you lifted the stay you informed all parties "ALL MOTIONS ARE FULLY BRIFEED. No additional filings would be excepted without leave from the court." When I sought leave, to file an opposition to Special interrogatory set three, filed by kevin jolly, you denied my opposition in chambers, as being untimely, vacating my ex parte hearing. The Court explained I had plenty of time to file this already, and further denied my opposition because I did not explain why I hadn't filed this sooner. I refiled the following day explaining the courts error, representing all motions had been fully briefed and that my motion was not untimely, as the hearing was not scheduled for almost a month out. The court again ruled in chambers, vacating my hearing in addition to denying my

timely filing of this opposition, stating this time, I had not included these facts the first time I filed this exparte, and stated I was wasting judicial time, with the refiling of this request to oppose the discovery motion.

You've allowed cross-defendants Regent and Greenhouse to file the same summary judgement against us, that was denied the first time, because they did not include all necessary facts, and serve it on all parties, specifically myself and breonna.

You've allowed Kevin jolly to interrupt me when I speak to the court, mock me, and continuously file motions untruthfully, and in bad faith. I have offered to provide the court proof of his dishonesty, just to be ignored. The court has expressed the frustration dealing with these numerous discovery motions advising me, to retain counsel, when I'm the only one party providing discovery, without objections, giving more then what is even being asked from me. Kevin jolly has been abusing this discovery process and has provided me with only pictures of inside my house, as discovery, continuing to lie to this court. In his most recent declaration to the court, swearing under penalty of perjury, he stated I called him a child molester, which was not true, and further not even relevant to this case, as I was referring to his client. He stated I refused to comply with the courts order to meet and confer telephonically, which I did attempt to comply with, however refused to do it without recording our conversation, due to the untruthfulness in his statements regarding me.  The courts refusal to address his untruthfulness is what allows this behavior to continue, putting me at an unfair disadvantage.

In response to the harassment and extremely rude mistreatment from Kevin Jolly, I have stated to him he is an unethical ambulance chaser, who files frivolous lawsuits for child molesters, on parole when he forced entry into my home,, breaking my teeth while pinning me on top of my two year old son, screaming in fear stuck underneath me, then selling his home, to his friends, who are immediate family members of officers from my arresting agency, violating that departments own policy of 1027.2 sub sections D & E.

We do not appreciate the temporary judge appointed by you for an ordered mandatory settlement conference providing our contact information to mark geller who was a senior deputy district attorney, employed at the time our case was dismissed, as means to intimidate us into settling our cross-complaint by informing us possible criminal ramifications could occur in pursuing our cross-complaint, and threatening having possible attempted murder charges filed against us.

We are seeking justice for our family from an impartial judge, who is not biased, impolite, or impatient with us, and ensures our constitutional rights will not be violated . I do not believe we can receive a fair trial in this courtroom because of the things that have occurred in this court,  so again I respectfully, RESPECTFULLY request again honorable judge Kimberly knill, please recuse yourself, so we can be moved into a courtroom, where we have a proper chance at a fair trial, overseen by an impartial Judge, who is not biased.

Exhibit b

Kevin R. Jolly, State Bar No. 172328
Leah Berry, State Bar No. 196505
JOLLY BERRY LAW
27762 Vista Del Lago, Suite A-11
Mission Viejo, CA 92692
E-Mail: kj@jollyberrylaw.com; leah@jollyberrylaw.com
Phone: (949) 515-9000
Fax No.: (949) 415-2342

Attorneys for Plaintiffs: Eric Smith and Stacy Thorne

SUPERIOR COURT OF THE STATE OF CALIFORNIA,

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| ERIC SMITH; STACEY THORNE,<br><br>Plaintiffs,<br><br>v.<br><br>ERIC MICHAEL WOOLARD;<br>BREONNA NICHOLE HALL; TERRY<br>LEIGH EUNSON; PETER H.<br>EUNSON; and REGENT REAL<br>ESTATE SERVICES, INC.; and DOES<br>1-50<br><br>Defendants.<br><br>———————————————<br><br>AND RELATED CROSS-COMPLAINT<br>——————————————— | Case No: 30-2020-01174210-CU-PO-<br>CJC<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>DEREK HUNT<br><br>Date Action Filed:    12/11/2020<br>Trial Date:  03/13/2023<br><br>NOTICE OF RULING ON PLAINTIFF<br>ERIC SMITH'S MOTION TO COMPEL<br>RESPONSES TO SPECIAL<br>INTERROGATORIES, SET ONE, AND<br>REQUESTS FOR PRODUCTION OF<br>DOCUMENTS, SET ONE AGAINST<br>DEFENDANT BREONNA HALL AND<br>REQUEST FOR MONETARY<br>SANCTIONS<br><br>Hearing Date: January 12, 2023<br>Time:            1:30 PM<br>Department: C17 |

TO ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 12, 2023 at 1:30 p.m. in Department C17 of the Orange County Superior Court Plaintiff Eric Smith's Motion to Compel

-1-

NOTICE OF RULING ON PLAINTIFF'S MOTIONS TO COMPEL RESPONSES TO SPECIAL
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Responses to Plaintiff's Special Interrogatories, Set One, and Motion to Compel Responses to Plaintiff's Requests for Production of Documents, Set One served on Defendant Breonna Hall and requests for monetary sanctions against Defendant Breonna Hall was heard.

Kevin R. Jolly of Jolly Berry Law appeared on behalf of plaintiffs/cross-defendants Eric Smith and Stacy Thorne. Defendants Eric Woolard and Breonna Hall (In Pro Per) appeared on their own behalf. Kelly Danker of Hanger, Steinberg, Shapiro & Ash appeared on behalf of defendants Terry and Peter Eunson. No other appearances were made. No Oppositions to the motions were filed.

After considering the papers and hearing oral arguments from plaintiffs' counsel and the In Pro Per defendants (Woolard and Hall), the Court granted Plaintiff's Motion to Compel Responses to Special Interrogatories, Set One, and Motion to Compel Responses to Requests for Production of Documents, Set One and Ordered defendant Breonna Hall to provide fully verified responses, without objections, no later than January 17, 2023 at 5:00 p.m. The Court further Ordered Monetary Sanctions against defendant Breonna Hall in the amount of $1,000.00 per motion for a total of $2,000.00. Sanctions are payable within ten (10) days.

The Court further admonished defendants Woolard and Hall that a failure to timely pay the sanctions could result in further Court Orders, including but not limited to, a Contempt Order.

DATED:  January 12, 2023

JOLLY BERRY LAW

By: _Kevin Jolly_____
Kevin R. Jolly, Esq.
Attorneys for Plaintiffs
Eric Smith and Stacy Thorne

-2-

NOTICE OF RULING ON PLAINTIFF'S MOTIONS TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Exhibit c

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 01/18/2023                    TIME: 12:13:00 PM        DEPT:  C17

JUDICIAL OFFICER PRESIDING: Kimberly A. Knill
CLERK: B. Chumpitazi
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: J. Rodriguez Almaraz

CASE NO: **30-2020-01174210-CU-PO-CJC**   CASE INIT.DATE: 12/11/2020
CASE TITLE: **Smith vs. Woolard**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: PI/PD/WD - Other

---

EVENT ID/DOCUMENT ID: 73931611
**EVENT TYPE:** Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

Motion For Peremptory Challenge is read and considered.

The Court denies the Peremptory Challenge as it is untimely filed.

Clerk to give notice.

DATE: 01/18/2023                    MINUTE ORDER                    Page 1
DEPT:  C17                                                          Calendar No.

Exhibit d

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 05/12/2023                TIME: 10:00:00 AM          DEPT: C17

JUDICIAL OFFICER PRESIDING: Kimberly A. Knill
CLERK: K. Wilson
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: J. Rodriguez Almaraz

CASE NO: **30-2020-01174210-CU-PO-CJC**   CASE INIT.DATE: 12/11/2020
CASE TITLE: **Smith vs. Woolard**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: PI/PD/WD - Other

---

EVENT ID/DOCUMENT ID: 73990875

**EVENT TYPE:** Motion to Compel Deposition (Oral or Written)
MOVING PARTY: Eric Smith, Stacy Thorne
CAUSAL DOCUMENT/DATE FILED: Motion to Compel Deposition (Oral or Written), 04/11/2023

---

EVENT ID/DOCUMENT ID: 73979938

**EVENT TYPE:** Motion to Compel Further Responses to Special Interrogatories
MOVING PARTY: Eric Smith
CAUSAL DOCUMENT/DATE FILED: Motion to Compel Answers to Interrogatories Special
Interrogatories, Set Three, 01/30/2023

---

EVENT ID/DOCUMENT ID: 73979942

**EVENT TYPE:** Motion - Other
MOVING PARTY: Stacey Lynn Thorne, Eric Smith
CAUSAL DOCUMENT/DATE FILED: Motion - Other Failure to Comply, 01/31/2023

---

**APPEARANCES**
Kevin Jolly, from Jolly Law, present for Cross - Defendant,Plaintiff(s) remotely.
Chris Kerr, from Hanger Steinberg Shapiro & Ash, present for Defendant(s) remotely.
Peter Martin, from Murchison & Cumming, LLP, present for Cross - Defendant,Defendant(s)
remotely.
Eric Woolard, self represented Defendant, present.
Breonna Hall, self represented Defendant, present remotely.

Hearing held, participants appearing remotely and in person.

Tentative Ruling posted on the Internet .

The Court hears oral arguments.

The Court CONFIRMS AND MODIFIES the tentative ruling as follows:

**Plaintiffs' Motion for an Order of Contempt of Court Orders against Breonna Hall and Request for Monetary Sanctions (ROA 415)**

---

DATE: 05/12/2023                      MINUTE ORDER                            Page 1
DEPT: C17                                                                Calendar No.

Case 8:25-cv-02018-VBF-PD     Document 1     Filed 09/09/25     Page 74 of 90     Page ID #:74

The motion is DENIED in its entirety. After entering its 1/12/2023 order granting monetary sanctions on an ex parte application, on 3/16/2023 the court sua sponte vacated its portion of the order imposing sanctions of $2,000 upon Breonna Hall (ROA 593). Further, Breonna Hall provided responses as ordered on 1/17/2023 (Exs. G, H to motion).

**Plaintiff Eric Smith's Motion to Compel Responses to Special Interrogatories, Set Three Served on Defendant Eric Woolard and Request for Monetary Sanctions (ROA 411)**

The motion to compel is GRANTED. Eric Woolard is ORDERED to provide further responses, without objection, to Special Interrogatories, Set Three, within 5 court days. Failure to comply may subject Eric Woolard to terminating sanctions.

The motion for sanctions is GRANTED on grounds Eric Woolard has engaged in a misuse of the discovery process. Eric Woolard is ORDERED to pay monetary sanctions to plaintiffs' counsel in the sum of $1200 within 30 days. (Code Civ. Proc., § 2023.030, subd. (a).)

In addition, Eric Woolard is ORDERED to pay monetary sanctions to the Orange County Superior Court in the sum of $500 within 30 days for failure to comply with the court's 4/10/2023 order requiring Eric Woolard to meet and confer prior to the hearing on the instant motion. (Code Civ. Proc., § 177.5.) Eric Woolard failed to meet and confer in good faith or to participate in a meet and confer telephone call, and instead resorted to name-calling, threats, and unwarranted escalation during the meet and confer process ["I'm assuming since you're the kind of piece of shit that name calls like a child and includes everyone in your stupid drama, your merit less [sic] motions will remain on calendar."; "Okay kevin dick jolley [sic]."; "When this is over you won't be able to look up Jolley [sic] law without first reading my opinions of the little man who thinks he's vin diesel."; "You say I have the maturity of a five year old but I have more maturity in the tip of my @&$"! [sic] then [sic] you'll ever have."].

Eric Woolard is advised it is unlawful for him to record any telephone calls with plaintiffs' counsel without plaintiffs' counsel's prior consent. (See Pen. Code, § 632.)

**Plaintiffs' Motion to Compel Deposition of Breonna Hall, and Request for Monetary Sanctions (ROA 635)**

The motion to compel the deposition of Breonna Hall is GRANTED. Breonna Hall is ORDERED to appear at her deposition no later than 5/31/2023. Failure to comply may subject Breonna Hall to terminating sanctions.

The motion for sanctions is GRANTED on grounds Breonna Hall has engaged in misuse of the discovery process. Breonna Hall is ORDERED to pay monetary sanctions to plaintiffs' counsel in the sum of $1200 within 30 days. (Code Civ. Proc., § 2023.030, subd. (a).)

In addition, Breonna Hall is ORDERED to pay monetary sanctions to the Orange County Superior Court in the sum of $500 within 30 days for failure to comply with the court's 4/10/2023 order requiring Breonna Hall to meet and confer prior to the hearing on the instant motion. (Code Civ. Proc., § 177.5.) Breonna Hall refused to provide her telephone number and thereby refused to participate in a meet and confer telephone call.

As a self-represented litigant, Breonna Hall is ORDERED to provide the court and all counsel with her telephone number no later than 4:00 PM today. (Cal. Rules of Court, rule 2.111(1).)

Defendant Eric Woolard requests the court to recuse herself. The Court denies the request as untimely.

DATE: 05/12/2023
DEPT: C17

MINUTE ORDER

Page 2
Calendar No.

Court orders Clerk to give notice.

# Exhibit  B

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

**JUN 0 8 2023**

DAVID H. YAMASAKI, Clerk of the Court

BY_____,DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| ERIC SMITH, STACY THORNE,<br><br>Plaintiffs,<br><br>v.<br><br>ERIC WOOLARD, BREONNA HALL, et al.,<br><br>Defendants. | CASE NO. 30-2020-01174210<br><br>**ORDER STRIKING MOTION TO DISQUALIFY AND, IN THE ALTERNATIVE, VERIFIED ANSWER OF JUDGE KIMBERLY A. KNILL** |

On June 2, 2023, Defendants Eric Woolard and Breonna Hall filed a pleading entitled, "MOTION TO DISQUALIFY JUDGE." The Motion to Disqualify asserts a person aware of the facts might reasonably entertain a doubt the Court is able to be impartial based on (1) Defendants' assertion the Court favors represented parties over self-represented parties; (2) the Court's denial of Defendants' peremptory challenge as untimely; and (3) dissatisfaction with the Court's rulings on discovery, sanctions, and a trial continuance. Because the pleading demonstrates on its face no legal grounds for disqualification, it is ordered stricken. (Code Civ. Proc., § 170.4, subd. (b).)

**The Motion to Disqualify Fails to State Grounds for Disqualification**

The Court may strike a motion for disqualification that demonstrates on its face no legal grounds for disqualification. (Code Civ. Proc., § 170.4, subd. (b).) A motion to disqualify must set forth "the facts constituting the grounds" for disqualification. (Code Civ.

-1-

Proc., § 170.3, subd. (c)(1).) Mere conclusions are insufficient. (*In re Morelli* (1970) 11 Cal.App.3d 819, 843.) A motion to disqualify cannot be based on information and belief, hearsay, or other inadmissible evidence. (*United Farm Workers of America v. Superior Court* (1985) 170 Cal.App.3d 97, 106 fn. 6 (*United Farm Workers*).)

"The law does not assume prejudice on the part of the trial judge." (*Gimble v. Laramie* (1960) 181 Cal.App.2d 77, 84.) Whether a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial is fundamentally an objective standard. (*Jolie v. Superior Court* (2021) 66 Cal.App.5th 1025, 1039.) The litigants' necessarily partisan views do not provide the applicable frame of reference. (*Ibid.*) "The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 389 (*Haworth*).) "The partisan litigant emotionally involved in the controversy underlying the lawsuit is not the *disinterested objective observer* whose doubts concerning the judge's impartiality provide the governing standard." (*Wechsler v. Superior Court* (2014) 224 Cal.App.4th 384, 391 (cleaned up).) "The appearance-of-partiality standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." (*Haworth, supra*, 50 Cal.4th at p. 389.)

Here, the Motion to Disqualify is based on Defendants' beliefs, speculation, hearsay, and conclusory assertions. It provides no concrete facts or admissible evidence setting forth any grounds for the Court's disqualification.

### The Court's Rulings Form No Basis for Disqualification

The gravamen of the Motion to Disqualify is Defendants' dissatisfaction with the Court's rulings granting discovery motions, imposing sanctions, denying a peremptory challenge, and continuing trial. A party's disagreement with the Court's decisions is not grounds for disqualification. (See *Yolo County Dept. of Child Support Services v. Myers* (2016) 248 Cal.App.4th 42, 51.) "Erroneous rulings against a litigant, even when numerous and continuous, form no ground for a charge of bias or prejudice, especially when they are

-2-

subject to review." (*Mackie v. Dyer* (1957) 154 Cal.App.2d 395, 400.) A party's remedy for an erroneous ruling is not a motion to disqualify, but rather to seek review by appeal or writ. (*See Ryan v. Welte* (1948) 87 Cal.App.2d 888, 893; *People v. Farley* (2009) 46 Cal.4th 1053, 1110.) Thus, the decisions and rulings made in this case fail to support a claim of bias as a matter of law.

### A Judge Has a Duty to Rule When Not Disqualified

A judge has both an ethical and statutory duty to decide cases where, as here, there are no legal grounds for disqualification. (Code Civ. Proc., § 170; Code Jud. Ethics, canon 3B(1).) The duty to decide cases if there are no legal grounds is as strong as the duty to recuse if there are grounds. (*United Farm Workers, supra,* 170 Cal.App.3d at p. 100.)

### Conclusion

Because the Motion to Disqualify on its face discloses no legal grounds for disqualification, and is untimely, it is ordered stricken pursuant to Code of Civil Procedure section 170.4 subdivision (b). This determination is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought within 10 days of notice to the parties of the decision. (Code Civ. Proc., § 170.3, subd. (d).) In the event a timely writ is sought and an appellate court determines an answer should have been timely filed, an alternative answer is filed herewith. (*See PBA, LLC v. KPOD, Ltd.* (2003) 112 Cal.App.4th 965, 972.)

GOOD CAUSE APPEARING THEREFORE, it is so ordered.

Date: June __8__, 2023

_____
Judge Kimberly A. Knill

-3-

ORDER STRIKING MOTION TO DISQUALIFY
AND, IN THE ALTERNATIVE, VERIFIED ANSWER

<u>VERIFIED ANSWER OF JUDGE KIMBERLY A. KNILL</u>

I, Kimberly A. Knill, declare as follows:

1.      I am a Judge of the Superior Court of California, County of Orange, and have been assigned to preside over the instant matter. If called upon as a witness, I could and would competently testify to the matters stated herein.

2.      The judicially-noticeable court file reflects that the complaint in this action was filed on December 11, 2020. On December 20, 2022, the parties were notified by mail that this case was being reassigned to me. (See ROA 301.)

3.      On June 2, 2023, Defendants Eric Woolard and Breonna Hall filed a document entitled, "MOTION TO DISQUALIFY JUDGE," contending a person aware of the facts might reasonably entertain a doubt I am able to be impartial based on Defendants' allegations that I favor represented parties over self-represented parties and Defendants' dissatisfaction with my rulings addressing discovery, sanctions, a peremptory challenge, and a trial continuance.

4.      I specifically deny I am biased or prejudiced for or against any party or attorney in this action. I further deny I am unable to act fairly and impartially in this proceeding. I am not prejudiced or biased against or in favor of any party or attorney, nor am I unable to act impartially in this case. I have no personal interest in this proceeding and know of no reason why I cannot be fair and impartial.

5.      I specifically deny I have acted improperly in this action. All statements made, all actions taken, and all of my rulings in this proceeding have been based on my understanding of the facts and law, and have been in furtherance of what I believe to be my judicial duties.

6.      I specifically deny I treat represented parties more or less favorably than unrepresented parties.

7.      My statements and rulings are set forth in the court records and court files, which are the best evidence of the proceedings. To the extent moving party's account of

-4-

those rulings and statements is inconsistent with the court records and court files, it is denied.

8. I do not believe my recusal would serve the interests of justice.

9. I know of no facts or circumstances that would require my disqualification or recusal in this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 8 , 2023 at Santa Ana, California.

_Kimberly A. Knill_
Judge Kimberly A. Knill

-5-

ORDER STRIKING MOTION TO DISQUALIFY
AND, IN THE ALTERNATIVE, VERIFIED ANSWER

EXHIBIT D

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 18

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 04/19/2023                    TIME: 03:17:00 PM          DEPT:  C17

JUDICIAL OFFICER PRESIDING: Kimberly A. Knill
CLERK: K. Wilson
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2020-01174210-CU-PO-CJC**    CASE INIT.DATE: 12/11/2020
CASE TITLE: **Smith vs. Woolard**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: PI/PD/WD - Other

---

EVENT ID/DOCUMENT ID: 73997318
**EVENT TYPE:** Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

Ex-Parte application for leave to file opposition to Eric Smith's motion to compel special interrogatories, set three is requested by Eric Woolard.

The court has reviewed and considered Cross-Complainant Eric Woolard's ex parte request for leave to file opposition to Eric Smith's motion to compel special interrogatories, set three.  The ex parte application is denied.

Woolard failed to comply with notice requirements pursuant to California Rules of Court, rule 3.1204. Even if Woolard had complied with the notice requirements, the ex parte application fails to explain why opposition was not previously timely filed.  The motion was filed on 1/30/2023 (ROA 411).  Woolard has had plenty of time to oppose it.

Woolard is *strongly advised* to seek counsel to represent him in this case.

The ex parte hearing set for 4/20/2023 is vacated.

Clerk to give notice.

---

EXHIBIT E

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 19

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 04/26/2023                    TIME: 09:17:00 AM        DEPT:  C17
JUDICIAL OFFICER PRESIDING: Kimberly A. Knill
CLERK: K. Wilson
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2020-01174210-CU-PO-CJC**   CASE INIT.DATE: 12/11/2020
CASE TITLE: **Smith vs. Woolard**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: PI/PD/WD - Other

---

EVENT ID/DOCUMENT ID: 74001733
**EVENT TYPE:** Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

Ex-Parte application to request reconsideration of the court's April 19th order in cross-complainants filing an opposition to plaintiff's motion to compel is requested by cross-complainant Eric Woolard.

The court has read and considered cross-complainant Eric Woolard's ex parte motion to request reconsideration of the court's April 19th order (ROA 629).  The application is denied.

Nothing contained in the application was unknown to Woolard when he filed his ex parte on 4/19/2023. Therefore, Woolard has not shown entitlement to relief under Code of Civil Procedure section 1008. (See *California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 47 [party has burden to advance all correct legal theories in original motion so as not to burden trial court with repeated motions for same relief].)

The ex parte hearing scheduled for 4/27/2023 is vacated.

Clerk to give notice.

---

DATE: 04/26/2023                                          Page 1
DEPT:  C17                          MINUTE ORDER
                                                         Calendar No.

# EXHIBIT F

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND - 20

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 06/26/2023                  TIME: 03:55:00 PM        DEPT:  C17

JUDICIAL OFFICER PRESIDING: Kimberly A. Knill
CLERK: K. Wilson
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2020-01174210-CU-PO-CJC**   CASE INIT.DATE: 12/11/2020
CASE TITLE: **Smith vs. Woolard**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: PI/PD/WD - Other

EVENT ID/DOCUMENT ID: 74044645
**EVENT TYPE:** Under Submission Ruling

**APPEARANCES**

There are no appearances by any party.

The Court, having taken the above-entitled matter under submission on 06/26/2023 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

**Defendants Eric Smith and Stacy Thorne's Motion for Dismissal and Terminating Sanctions as To Eric Woolard's Cross-Complaint Due to Eric Woolard's Misuse and Abuse of The Discovery Process and Failure To Comply With Previous Court Orders, And Request For Monetary Sanctions**

Plaintiffs/Cross-Defendants (Eric Smith and Stacy Thorne) Motion for Dismissal and Terminating Sanctions as to Eric Woolard's Cross-Complaint (ROA 340) is DENIED subject to conditions.

Plaintiffs/Cross-Defendants Eric Smith and Stacy Thorne (Plaintiffs) request that Cross-Complainant Eric Woolard's Cross-Complaint be dismissed as a terminating sanction and monetary sanctions in the amount of $1,850.00 as the reasonable costs and attorney fees incurred.

When a party fails to obey a court order, the full range of discovery sanctions becomes available. (Code Civ. Proc., §§ 2023.010, subd. (g), 2023.030.) The behavior justifying terminating sanctions includes repeated refusals to respond to discovery requests, violation of previous court orders, and destruction of evidence.  Terminating sanctions are appropriate when a chronic pattern of delay or evasiveness by the defaulting party is egregious enough to warrant denial of a trial on the merits.  (*Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1183.)

Plaintiffs contend Woolard's failure to comply with the Court's 12/2/2022 order compelling initial responses to Requests for Production and Special Interrogatories. Woolard was ordered to provide responses, without objection, within 7 days and documents within 14 days of the order (Jolly Decl., Ex. A; ROAs 297, 340).

Case 8:25-cv-02018-VBF-PD    Document 1    Filed 09/09/25    Page 87 of 90    Page ID #:87

Attorney Kevin Jolly states of 1/9/2023 Woolard had not provided verified responses. (Jolly Decl. ¶ 3.) Cross-Complainants contend in their late Opposition that "[r]esponses to discovery production requests and responses to special interrogatories sets one, were e-mailed to Plaintiffs on 1/17/2023. attached hereto as 'Exhibit B'" (Opposition 11:2-4; ROA 430.) Yet, there is no declaration provided in support of the Opposition and no Exhibit B.

Plaintiffs provide the Responses to Special Interrogatories and Responses to Requests for Production as Exhibits A and B to the Declaration of Kevin Jolly in support of the Reply (ROA 456). The Responses to Interrogatories are verified and contain no boilerplate objections. However, the Responses to Request for Production, although verified, contain boilerplate objections in violation of the 12/2/2022 court order (Responses 3:37), as well as objections to individual requests.   Both are dated 1/12/2023, over one month later than the court-ordered deadline, not 1/17/2023 as contended by Woolard.

Another version of the Responses to Interrogatories dated 2/8/2023 is attached as part of Exhibit C to Woolard's Supplemental Response to Terminating Sanctions (ROA 701).

No one has addressed the fact two different versions have been submitted to the court.   However, at oral argument, plaintiffs' counsel pointed to Responses 3 and 26, both of which state, "Asked and answered" as evidence Woolard inserted objections into the Responses to Interrogatories.   Plaintiffs are correct as to the 1/12/2023 version, but in the 2/8/2023 version, Woolard provided a substantive response in Response 3.   However, Woolard repeated his "Asked and answered" response in Response 26.

Based on the foregoing, Woolard has not complied with the court's order to provide verified responses, without objection, to the Interrogatories and Request for Production.

In order to justify terminating sanctions, responding party's failure to comply must be willful.  (*R.S. Creative, Inc. v. Creative Cotton, Ltd*. (1999) 75 Cal.App.4th 486, 495; *Vallbona v. Springer* (1996) 43 Cal.App.4th 1525, 1545; *Biles v. Exxon Mobil Corp.* (2004) 124 Cal.App.4th 1315, 1327.)

Plaintiffs have not demonstrated Woolard willfully failed to comply with the court's 12/2/2022 order. However, Woolard is cautioned strict compliance with all court orders is expected and failure to do so may be considered willful noncompliance after having received the court's admonishment. Here, Woolard did not timely serve responses as ordered and improperly inserted objections into both Responses.

The court orders Woolard to serve (1) verified Responses to Request for Production, without objection, within 5 court days; and (2) a verified Response to Special Interrogatory 26, without objection, within 5 court days.  Should Woolard fail to fully comply, it will be logical to conclude lessor sanctions would be insufficient to compel compliance and terminating sanctions will be considered. (See *J.W. v. Watchtower Bible & Tract Soc'y of New York, Inc.* (2018) 29 Cal. App. 5th 1142, 1170.)

Plaintiffs' request for monetary sanctions is denied. The court has spent a considerable amount of time combing through hundreds of pages of documents unrelated to the specifics of this motion. All parties are cautioned and ORDERED to direct and limit their arguments to the specific issues before the court on each motion being addressed, not to extraneous issues unrelated to the motion at issue.  Failure to comply with the court's order may, in the future, subject the noncomplying party to monetary sanctions under Code of Civil Procedure section 177.5.

**Defendants' Eric Smith and Stacy Thorne's Motion for Terminating Sanctions Striking Eric Woolard's Answer to The Complaint Due to Eric Woolard's Misuse and Abuse of The Discovery Process and Failure to Comply with Previous Court Orders, And Request for Monetary Sanctions**

Plaintiffs/Cross-Defendants (Eric Smith and Stacy Thorne) Motion for Terminating Sanctions Striking Eric

Woolard's Answer to Complaint (ROA 336) is DENIED subject to conditions.

Plaintiffs/Cross-Defendants Eric Smith and Stacy Thorne request that Defendant Eric Woolard's Answer be stricken as a terminating sanction and monetary sanctions in the amount of $1,850.00 as the reasonable costs and attorney fees incurred.

The motion is based upon the same facts and circumstances discussed above. The court's conclusion, ruling, and reasoning is the same.

The court orders Woolard to serve (1) verified Responses to Request for Production, without objection, within 5 court days; and (2) a verified Response to Special Interrogatory 26, without objection, within 5 court days. Should Woolard fail to fully comply, it will be logical to conclude lessor sanctions would be insufficient to compel compliance and terminating sanctions will be considered. (See *J.W. v. Watchtower Bible & Tract Soc'y of New York, Inc.* (2018) 29 Cal. App. 5th 1142, 1170.)

**Motion For Summary Judgment Or, In the Alternative, Summary Adjudication of Cross Defendants Regent Real Estate Services, Inc. And Greenhouse Community Association to First Amended Cross-Complaint of Eric Woolard and Breonna Hall**

The Motion for Summary Judgment by Cross-Defendants Regent Real Estate Services, Inc. (Regent) and Greenhouse Community Association (Greenhouse) as to the First Amended Cross-Complaint of Eric Woolard and Breonna Hall is GRANTED.

The Court exercises its discretion to consider Cross-Complainants' late-filed opposition.

The First Amended Cross-Complaint (FACC) includes a single cause of action against Regent for general negligence and causes of action against Greenhouse for indemnification, apportionment of fault, declaratory relief, and general negligence.

*Seventh Cause of Action – General Negligence against Regent and Greenhouse*

Cross-Defendants contend they had no duty to intervene in the neighbor dispute or prevent the physical altercation between Plaintiffs and Cross-Complainants. The court agrees.

The existence and scope of duty are questions of law for the court. (See *Artiglio v. Corning, Inc.* (1998) 18 Cal.4th 604, 614.) "Foreseeability alone is not sufficient to create an independent tort duty. The existence of a duty depends upon the foreseeability of the risk and a weighing of policy considerations for and against imposition of liability. These policy considerations include the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved. A duty of care will not be held to exist even as to foreseeable injuries where the social utility of the activity concerned is so great, and avoidance of the injuries so burdensome to society, as to outweigh the compensatory and cost-internalization values of negligence liability." (*Vasilenko v. Grace Family Church* (2017) 3 Cal.5th 1077, 1086–1087 (cleaned up).)

In their response to interrogatory no. 7, Cross-Complainants identify the following factual bases for their negligence claim against Cross-Defendants: (1) failure to investigate complaints or respond to emails about harassment against Cross-Complainants by members/directors in the HOA; (2) sending letters falsely accusing Cross-Complainants of violating the CC&Rs; (3) failure to remedy housing discrimination under 24 C.F.R. § 100.7; and (4) Regent's Community Manager emailing Cross-Complainants that they do not handle neighbor disputes and advised Cross-Complainants to contact the local police.

Case 8:25-cv-02018-VBF-PD    Document 1    Filed 09/09/25    Page 89 of 90    Page ID #:89

With regard to (1), (2), and (4), Cross-Complainants' Separate Statement does not dispute facts 12-15 discussing the standard of care opinion of Robert S. Griswold (ROA 699, p. 15).  At oral argument there was confusion, because moving parties' Separate Statement omitted these facts from certain issues unrelated to Regent (see Issues 2 and 4).  However, the Separate Statement addresses facts 12-15 at pages 6-7 (ROA 610).

With regard to (3), Cross-Complainants contend Cross-Defendants may be liable for failure to take prompt action to correct and end a discriminatory housing practice by a third party under federal HUD regulations. (24 C.F.R. § 100.7(a)(1)(iii).) The Fair Housing Act and HUD regulations generally prohibit housing discrimination and harassment on specified bases including race, color, religion, sex, familial status, handicap, or national origin. (42 U.S.C. §§ 3604, 3605, 3606, 3617; 24 C.F.R. §§ 100.7, 100.20.)

Cross-Complainants do not allege or present evidence of discrimination or harassment on one of the bases , r hi i    n r h  Fair Housing Act. Cross-Complainants have not established the fact they have children places them in a protected class.

Cross-Complainants have not cited legal authority holding a property manager or homeowners' association has a legal duty to intervene in a dispute between residents. Imposing such a duty on property managers and homeowners' associations such as Cross-Defendants to resolve disputes between neighboring residents would be highly burdensome and likely ineffective at resolving most disputes.

Cross-Complainants' negligence cause of action against Regent and Greenhouse fails as a matter of law.

*First Cause of Action – Indemnification against Greenhouse*

"An action for equitable indemnity is premised upon a joint legal obligation to another for damages." (*Children's Hospital v. Sedgwick* (1996) 45 Cal.App.4th 1780, 1787.) "An action for equitable indemnity is wholly derivative and subject to whatever immunities or other limitations on liability that would otherwise be available. If the evidence establishes that a defendant is not a concurrent tortfeasor responsible in any way for the plaintiff's injuries, another defendant may not pursue a claim for indemnity against that defendant. This principle is often expressed in the shorthand phrase 'there can be no indemnity without liability.'" (*Ibid*. (cleaned up).)

Cross-Complainants seek indemnification based on shared liability to Plaintiff, but Greenhouse is not a Defendant in Plaintiffs' complaint. Indemnification is not a legally cognizable cause of action under these circumstances.

*Second Cause of Action – Apportionment of Fault against Greenhouse*

This claim appears to be based on Cross-Complainants' and Cross-Defendants' shared liability to Plaintiffs. There can be no fault to apportion as against one who is not a joint tortfeasor.  (See *Pfeifer v. John Crane, Inc.* (2013) 220 Cal.App.4th 1270, 1285.)

*Third Cause of Action – Declaratory Relief against Greenhouse*

This cause of action recites the facts involving the altercation between Plaintiffs and Cross-Complainants.  It does not clearly identify an actual controversy, nor do Cross-Complainants clearly identify an actual controversy in their opposition. Absent an actual controversy, there is no legally cognizable cause of action. (See *California Public Records Research, Inc. v. County of Yolo* (2016) 4 Cal.App.5th 150, 185.)

CASE TITLE: Smith vs. Woolard    CASE NO: **30-2020-01174210-CU-PO-CJC**

Cross-Defendants have established there is no triable issue as to any material fact and they are entitled to judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c).)

Cross-Defendants to submit a judgment for the court's review and signature within 5 court days.  (Code Civ. Proc., § 579.)

Clerk to give notice.